■ In the Matter of DARIUS GITTENS, Petitioner, v DANIEL A. SENKOWSKI, as Superintendent of Clinton Correctional Facility, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

A misbehavior report charged petitioner, an inmate at Clinton Correctional Facility in Clinton County, with violation of prison rules 118.31 (altering, rewiring and tampering with an electrical device), 113.11 (altering an authorized item to change its original intent and purpose) and 116.10 (destruction of State property). Following a tier III Superintendent's hearing, he was absolved of the first two charges but found guilty of destroying State property and given a penalty of 30 days' confinement and loss of privileges. The determination was affirmed on administrative appeal and this CPLR article 78 proceeding seeking review followed. The charges emanated from petitioner's activities in dismantling an earphone jack

and stringing the wire thereby recovered from the adjoining cell to his cell, enabling him to plug into the radio outlet in that cell. His radio connection was previously removed because he had "hot-wired" his outlet to receive music at an increased volume.

Petitioner refers to his principal argument as a "jurisdictional objection", claiming that the violations charged were very minor infractions which should not have been elevated to the more severe level warranting a tier III hearing. Essentially, he contends error on the part of the Hearing Officer who reviewed the misbehavior report. However, petitioner has misperceived the fact that the classification of charges is provided by regulation. Where a violation warrants only a penalty of loss of privileges for up to 13 days, the charge is to be referred to a violation officer (tier I) (7 NYCRR 251-2.2 [b] [1]). Where a violation would warrant a penalty of loss of privileges and/or confinement for up to and including 30 days, the report is forwarded to a disciplinary officer for appropriate action (tier II) (7 NYCRR 251-2.2 [b] [2]). Finally, where a violation, if substantiated, would warrant a penalty in excess of that imposed at a disciplinary hearing, the report shall be forwarded for a Superintendent's hearing (tier III) (7 NYCRR 251-2.2 [b] [3]; *see, Arteaga v State of New York,* 72 NY2d 212, 219-220; *People ex rel. Vega v Smith,* 66 NY2d 130, 138).*

Here, two of the three charges, including that on which petitioner was found guilty, warranted penalties in excess of 30 days' confinement and loss of privileges (rules 116.10 and 118.31) and were punishable in a tier III hearing (7 NYCRR 270.2). This court has previously declined to superimpose its judgment on that of the review officer *(see, Matter of Hobson v Coughlin,* 137 AD2d 940, 941). We find no reason to depart from that holding here.

Petitioner's remaining arguments are unpersuasive. His attacks upon the integrity of the Hearing Officer, the correction officers, respondent's counsel and the courts are without either basis or merit. The misbehavior report and testimony of witnesses provide the substantial evidence required to support the determination in the instant proceeding and the punishment imposed.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.

---

* 7 NYCRR 270.3 (a) provides additional instruction in the assignment of tiers of disciplinary hearings for alleged rule violations.