■ In the Matter of KENNETH HARRIS, Petitioner, v DANIEL SENKOWSKI, as Superintendent of Clinton Correctional Facil-

ity, Respondent. [649 NYS2d 828] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was an inmate at Adirondack Correctional Facility in Essex County when he was found guilty of violating prison disciplinary rules prohibiting the exchange of narcotic or controlled substances, attempting to smuggle items into the facility and engaging in third-party telephone calls. Petitioner challenges this determination on the ground, *inter alia*, that it is not based upon substantial evidence. We disagree.

Adduced in evidence against petitioner was the misbehavior report as well as the tape of a three-way telephone conversation between petitioner, a friend of petitioner referred to as "Dave" and a drug dealer, in the course of which petitioner used code words to order a quantity of narcotic drugs to be mailed to Dave who would, in turn, deliver them to petitioner at the facility. Also in evidence was the testimony of an investigator from the office of the Inspector General who had recorded the conversation and authored the misbehavior report in which petitioner's misconduct was described. In addition, petitioner himself admitted in the course of his testimony that the voice on the tape recording was his. Clearly, there was substantial evidence of petitioner's guilt (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966; *Matter of Harrison v Selsky*, 222 AD2d 914, 914-915, *appeal dismissed* 87 NY2d 1054). We have examined petitioner's remaining contentions and find them to be either without merit or unpreserved for our review.

Cardona, P. J., Mikoll, White, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.