■ In the Matter of DUANE MOORE, Appellant, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [720 NYS2d 277] —Appeal from a judgment of the Supreme Court (Bradley, J.), entered January 10, 2000 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

A tier III disciplinary hearing was held at which petitioner ultimately pleaded guilty of violating the prison disciplinary rule against disturbing the order of the facility. The misbehavior report relates that at 11:30 P.M. on February 28, 1999, petitioner was yelling and banging on a bathroom stall, which was occupied by another inmate.

Initially, petitioner contends that service of the misbehavior report was intentionally delayed until his transfer to another facility and that the tier designation was inflated due to bias and retaliation. Although there was a short delay between the date of the incident and the date upon which petitioner was served with the misbehavior report, we find no error inasmuch as there is no requirement that the tier designation be completed within a specified time period (see, 7 NYCRR 251-2.2 [a]). To the extent that petitioner asserts that the misbehavior report should have been classified as a tier II hearing, the record fails to support petitioner's claim of retaliation and we decline to substitute our judgment for that of the reviewing officer (see, Matter of Green v Senkowski, 276 AD2d 1006, appeal dismissed 95 NY2d 926; Matter of Gittens v Senkowski, 165 AD2d 937). Petitioner's remaining contentions, including his assertion that his plea of guilty was coerced, have been examined and found to be lacking in merit.

Mercure, J. P., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.