■ In the Matter of JAMES CLIFF, Petitioner, v TIMOTHY KINGSLEY, as Correction Officer, et al., Respondents. [742 NYS2d 408] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner's challenge to the evidentiary basis for the determination which found him guilty of drug possession focuses on the sufficiency of the testing procedures which yielded a positive result for marihuana. Petitioner reads the testing documentation as demonstrating that the proper procedure was not followed, but any confusion caused by the documentation was adequately explained at the hearing by the testing officer whose testimony established that he followed the proper procedure (*see, Matter of Burse v Goord*, 274 AD2d 678). Contrary to petitioner's claim, a second test was not required (*see, Matter of Spulka v Murphy*, 276 AD2d 986, *lv denied* 96 NY2d 703). Accordingly, we conclude that the determination of petitioner's guilt is supported by substantial evidence, including the misbehavior report, the positive test result and the testimony of the testing officer (*see, id.; see also, Matter of Martinez v Selsky*, 290 AD2d 789).

Petitioner also raises a claim rooted in the 5th Amendment privilege against compulsory self-incrimination. Because he was subject to possible criminal prosecution based upon the same conduct that was at issue in the prison disciplinary proceeding, petitioner contends that he was forced to remain silent and, consequently, effectively deprived of the opportunity to present a defense in this disciplinary proceeding. Thus, according to petitioner, he was entitled to transactional immunity, which he requested during the hearing. We reject this argument.

Pursuant to 7 NYCRR 251-3.1 (d) (1), neither statements made by petitioner in response to the prison disciplinary charge nor any information derived therefrom could be used against him in a criminal proceeding, and he was so advised at the hearing. This use and derivative use immunity is coextensive with the scope of the 5th Amendment privilege against self-incrimination and, therefore, petitioner was not entitled to the more expansive transactional immunity requested (*see, Kastigar v United States*, 406 US 441, 453; *see also, United States v Hubbell*, 530 US 27, 28). Pursuant to the immunity afforded by the regulation, prosecutors are permitted to use prison disciplinary hearing evidence which is not derived from petitioner's statements (*see, People v Dawson*, 278 AD2d 665, 667, *lv denied* 96 NY2d 799) and this is consistent with petitioner's 5th Amendment privilege (*see, Lefkowitz v Cunningham*, 431 US 801, 809). Accordingly, because petitioner was given the use and derivative use immunity required by the 5th Amendment, we reject his claim that he was forced to refrain from presenting a defense in order to preserve his privilege against self-incrimination.

Petitioner's procedural claims are similarly unavailing. Although the transcript of the hearing filed with respondents' answer was not certified as required by CPLR 7804 (e), the omission shall be disregarded in the absence of prejudice to the substantial rights of a party (*see,* CPLR 2001) and petitioner claims no prejudice from the omission. With regard to petitioner's objection to the classification of the charge in the misbehavior report as a tier III violation rather than a tier II violation (*see,* 7 NYCRR 251-2.2), this Court will not superimpose its judgment on that of the reviewing officer (*see, Matter of Green v Senkowski*, 276 AD2d 1006, 1007, *lv denied* 97 NY2d 602; *Matter of Gittens v Senkowski*, 165 AD2d 937, 938). Finally, the record provides no support for petitioner's claim of hearing officer bias (*see, Matter of Rosa v Coombe*, 238 AD2d 814, 815, *appeal dismissed* 90 NY2d 900), and petitioner's remaining claims lack merit.

Mercure, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.