■ In the Matter of RICHARD ALLENDE, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [754 NYS2d 916] —Proceeding pursu-

ant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Following a tier III disciplinary hearing, petitioner was found guilty of violating a prison disciplinary rule by refusing a direct order. According to the misbehavior report, petitioner refused to leave the disciplinary office after being directed to do so by a correction officer. Although petitioner asserts that at the time of the incident his requests to speak to a supervisor and to be placed in protective custody were being ignored, he nevertheless was required to obey any direct order given by staff regardless of whether he agreed with it (*see Matter of Ross v Blaine*, 267 AD2d 538). Contrary to petitioner's contention, the misbehavior report and testimony from the correction officer involved provide substantial evidence to support the determination of guilt (*see Matter of Wells v O'Keefe*, 286 AD2d 791).

To the extent that petitioner asserts that the violation should be ranked no higher than a tier II violation, the reviewing officer determined that the location of the incident in a building which housed the watch commander's office and the arsenal warranted a higher violation classification and we decline to substitute our view for that of the reviewing officer (*see Matter of Cliff v Kingsley*, 293 AD2d 954; *Matter of Moore v Goord*, 280 AD2d 717). Petitioner's remaining contentions, even if preserved for our review, would be found to be without merit.

Cardona, P.J., Crew III, Peters, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition is dismissed.