In the Matter of ANGEL ROSA, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [786 NYS2d 858]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged with conspiring to smuggle money and narcotics into a correctional facility in violation of prison disciplinary rules. According to the misbehavior report, the charges stemmed from an ongoing investigation conducted by the Department of Correctional Service's Inspector General's office, which culminated in the arrest of petitioner's girlfriend after she surrendered $100 in US currency, hidden within her vagina, to prison authorities prior to an attempted visit with petitioner. Following a tier III disciplinary hearing, petitioner was found guilty of the charges. The determination of petitioner's guilt was upheld on administrative appeal, although the penalty, which included suspension of petitioner's visitation rights with his girlfriend, confinement in the facility's special housing unit and a loss of good time, was reduced from 26 months to 12 months. This CPLR article 78 proceeding ensued.

The signed confession of petitioner's girlfriend, testimony of the investigating official and transcripts of telephone conversations between petitioner and his girlfriend, which expressly reference petitioner's intent to smuggle narcotics and money into the facility, provide substantial evidence supporting the determination (*see Matter of Lopez v Goord,* 306 AD2d 715 [2003]; *Matter of McGoey v Selsky,* 260 AD2d 814, 815 [1999]). Turning to petitioner's claimed violations of his due process rights, the record reveals that petitioner was served with a copy of the misbehavior report that described the incident which gave rise to the charges with sufficient detail. The report was properly endorsed and in no way prejudiced petitioner's ability to pre-

sent a defense (*see Matter of Kayshawn v Selsky,* 277 AD2d 611, 612 [2000]; *Matter of McGoey v Selsky, supra* at 816 [1999]).

As for petitioner's argument that he received inadequate employee assistance, we note that the Hearing Officer repeatedly adjourned the hearing to provide petitioner with reassistance and a full opportunity to obtain all the documents to which he was entitled (*see Matter of Otero v Selsky,* 9 AD3d 631, 632 [2004]; *Matter of Pabon v Coombe,* 249 AD2d 629, 629 [1998]). Similarly, the Hearing Officer properly precluded petitioner from introducing evidence of other items seized from his girlfriend because, as the Hearing Officer explained, they did not serve as the basis for the charges against petitioner and, therefore, were not relevant to the proceeding (*see Matter of Spirles v Goord,* 308 AD2d 610, 611 [2003]). The suspension of petitioner's visitation rights, as modified on administrative appeal, was not imposed in violation of respondent's regulations, given the evidence adduced at the hearing of petitioner's intent to use such visitation to facilitate the introduction of narcotics into the facility (*see* 7 NYCRR 200.5 [f]). We have examined petitioner's remaining arguments, including his claim of hearing officer bias, and conclude that they lack merit.

Cardona, P.J., Crew III, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.