■ In the Matter of JAMAL BRAGG, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [791 NYS2d 706]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner commenced this CPLR article 78 proceeding challenging a tier III disciplinary determination finding him guilty of violating the prison disciplinary rule that prohibits disobeying a direct order. The record establishes that as part of petitioner's duties as an audiovisual technician, he was to play the scheduled movie left in the audiovisual box. When a problem arose with the movie that had been left in the audiovisual box, petitioner initially was ordered to play another specified movie. While there is no dispute that petitioner could not comply with this order because the specified movie was unavailable, the correction officer who authored the misbehavior report testified that petitioner failed to comply with a subsequent order to pick one of six other movies which were available to play. Contrary to petitioner's contention, the misbehavior report and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Allende v Selsky, 302 AD2d 764, 765 [2003]; Matter of Batten v Goord, 258 AD2d 794 [1999]). Accordingly, the determination will not be disturbed.

Mercure, J.P., Peters, Spain, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.