■ In the Matter of NORMAN FLUDD, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent.
[794 NYS2d 499]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

During an investigation, it was discovered that petitioner had sold heroin to another inmate and had directed that the payment be sent to petitioner's brother in Brooklyn. As a result, he was charged in a misbehavior report with the sale of a controlled substance and was found guilty following a tier III disciplinary hearing. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding.

The misbehavior report, the testimony of the correction officer who conducted the investigation and the information obtained from confidential sources provide substantial evidence supporting the determination of guilt (*see Matter of Fernandez v Goord*, 304 AD2d 1005, 1005-1006 [2003]; *Matter of Ruiz v Goord*, 289 AD2d 810, 810 [2001]). Contrary to petitioner's claim, the Hearing Officer did not conduct an inappropriate off-the-record discussion with the investigating officer, but rather interviewed him confidentially regarding the details of his investigation, and that confidential information is before this Court for in camera inspection. Petitioner was not entitled access to the confidential information as this would have jeopardized the success of the investigation as well as the security of the correctional facility (*see Matter of Alba v Goord*, 6 AD3d 847, 848 [2004]). We have considered petitioner's remaining contentions, including his claims that he was denied important documentary evidence as well as the right to present certain witnesses, and find them to be unavailing.

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.