■ In the Matter of TAMAR LOPER, Appellant, v GARY GREENE, as Superintendent of Great Meadow Correctional Facility, et al., Respondents. [797 NYS2d 190]—

Appeal from a judgment of the Supreme Court (Berke, J.), entered August 10, 2004 in Washington County, which partially dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review four determinations of respondent

Superintendent of Great Meadow Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in five misbehavior reports with refusing direct orders as the result of his failure to cooperate with correction officers during meal times on five separate occasions. The first incident occurred on June 20, 2003 and the second and third occurred on June 26, 2003. Two independent tier II disciplinary hearings were held with respect to these charges and, at the conclusion of the hearings, petitioner was found guilty of all charges. These determinations were upheld on administrative appeal. After two additional tier II hearings, petitioner was also found guilty of the fourth and fifth charges concerning misconduct which occurred on August 11, 2003; these determinations were also upheld on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the four administrative determinations. Following service of respondents' answer, Supreme Court granted the petition to the extent of reversing the administrative determinations finding him guilty of the fourth and fifth charges due to respondents' failure to produce the transcripts of the pertinent disciplinary hearings. With respect to the administrative determinations finding him guilty of the first three charges, Supreme Court dismissed the petition, concluding that petitioner had failed to state a cause of action concerning these claims. Petitioner now appeals.

The detailed and probative misbehavior reports provided substantial evidence supporting the first two administrative determinations finding petitioner guilty of three of the charges of refusing a direct order (see Matter of Daum v Goord, 274 AD2d 715, 716 [2000]; Matter of Odom v Goord, 271 AD2d 792, 793 [2000], lv denied 95 NY2d 757 [2000]). Petitioner's claim of retaliation presented a credibility issue for the Hearing Officer to resolve (see Matter of Jamison v Goord, 8 AD3d 860, 860 [2004]; Matter of Salaam v Goord, 8 AD3d 776, 777 [2004]). Petitioner's assertions that he was improperly denied the right to present videotape evidence and the right to call certain witnesses are unavailing.

Cardona, P.J., Peters, Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.