■ In the Matter of CHRIS APPLEWHITE, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [802 NYS2d 389]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Superintendent of Southport Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found to be in possession of bags of loose papers and piles of newspapers after he ignored correction officers' directives to clean his cell. As a result, he was charged in a misbehavior report with refusing a direct order, possessing materials presenting a fire hazard and maintaining an unclean cell. Following a tier II disciplinary hearing, petitioner was

found guilty of all charges, and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The detailed misbehavior report provides substantial evidence supporting the determination of guilt (*see Matter of Loper v Greene*, 19 AD3d 947, 948 [2005]; *Matter of Burr v Goord*, 284 AD2d 881, 882 [2001]). Petitioner's assertion that the misbehavior report was written in retaliation for his having filed a grievance against a correction officer presented a credibility issue for the Hearing Officer to resolve (*see Matter of Becker v Goord*, 13 AD3d 947, 948 [2004]; *Matter of Branch v Goord*, 4 AD3d 699, 700 [2004]). Contrary to petitioner's claim, the record does not reveal that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Jackson v Goord*, 18 AD3d 973, 974 [2005]). Petitioner's remaining contentions either have not been preserved for our review or are lacking in merit.

Cardona, P.J., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.