■ In the Matter of Ronnie Williams, Petitioner, v Glenn S. Goord, as Commissioner of Correctional Services, Respondent. [803 NYS2d 826]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

As a result of an ongoing investigation, petitioner was charged in a misbehavior report with conspiring to exchange narcotics, smuggling and third-party calling for telephoning a female and soliciting her to bring contraband into the correctional facility and also requesting that she phone a third-party. After a tier III hearing, petitioner was found guilty of all three charges. Although the findings of guilt were affirmed on administrative appeal, petitioner's penalty was reduced with respect to the amount of time he was confined in the special housing unit. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the determination.

Substantial evidence, in the form of the misbehavior report, the confidential and nonconfidential testimony of the investigator who authored it and the confidential materials obtained as part of the ongoing investigation, supports the determination of petitioner's guilt of all three charges (*see Matter of Garcia v Selsky*, 15 AD3d 813 [2005]; *Matter of Anderson v Goord*, 299 AD2d 603 [2002]; *Matter of Harris v Senkowski*, 233 AD2d 657 [1996]). Petitioner's testimony, in which he admitted that it was his voice on the tape of the phone call but denied that the conversation had anything to do with narcotics or smuggling, presented an issue of credibility for the Hearing Officer to resolve (*see Matter of Herrera-Martinez v Selsky*, 294 AD2d 633, 634 [2002]). Further, inasmuch as the charges were the result of an ongoing investigation, the Hearing Officer did not err in refusing to reveal certain confidential information (*see Matter of Fludd v Goord*, 18 AD3d 929, 930 [2005]; *Matter of Bossett v Portuondo*, 3 AD3d 639, 640 [2004]). Significantly, petitioner was allowed to listen to the telephone conversation which formed the basis for these charges.

We also find that it was not inappropriate for the misbehavior

report to be forwarded for a tier III hearing (*see generally Matter of Gittens v Senkowski*, 165 AD2d 937 [1990]), given that two of the three charges, if substantiated, warranted penalties in excess of 30 days of confinement and loss of privileges. Nor was petitioner denied the right to call witnesses. Rather, a review of the record indicates that the civilian was in fact called as a witness but questioning terminated when petitioner kept interrupting the Hearing Officer's questioning and tried to coach the witness, thereby disrupting the proceedings. The record clearly indicates the reason for the Hearing Officer's decision to end the questioning of this witness (*see Matter of Rodriguez v Herbert*, 270 AD2d 889, 890 [2000]), and petitioner was given a written statement thereof (*see* 7 NYCRR 254.5 [a]).

Finally, contrary to petitioner's contention, the Hearing Officer did not shift the burden of proof nor was he biased against petitioner. Rather, the Hearing Officer continually declared to petitioner that he had not prejudged petitioner nor had he already decided that petitioner was guilty, despite petitioner's protestations to the contrary. As such, there is no indication that the Hearing Officer's determination flowed from any alleged bias (*see Matter of Boyd v Goord*, 18 AD3d 1078, 1079 [2005]). Petitioner's remaining contentions have been reviewed and found to be lacking in merit.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.