◼ In the Matter of GEORGE LUNNEY, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [807 NYS2d 196]—

Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, commenced this proceeding seeking to annul the determination finding him guilty of possession of a weapon. The finding of guilt stemmed from an incident wherein a search of petitioner's cell disclosed two metal weapons located in the area underneath petitioner's sink. Based upon

our review of the record as a whole, we find the various arguments raised by petitioner to be lacking in merit and, accordingly, confirm the underlying determination.

Initially, we cannot agree with petitioner's assertion that he was denied adequate employee assistance. Whatever deficiencies may have existed in the assistant's performance were remedied by the Hearing Officer, who granted multiple adjournments to pursue materials requested by petitioner, to provide petitioner with reassistance and to afford petitioner a full opportunity to prepare for the administrative hearing (*see Matter of Rosa v Goord*, 14 AD3d 747, 748 [2005]). Moreover, even a cursory review of the hearing transcript reveals that petitioner ultimately received the information and witnesses he requested.

Nor are we persuaded that petitioner was deprived of the opportunity to submit relevant documentary evidence. Petitioner's claim that the underlying search of his cell was executed in retaliation for various grievances he had filed and that the area where the seized weapons were found was far too small to actually secrete them was fully explored at the administrative hearing. Ultimately, the stated basis for and the circumstances surrounding the search of petitioner's cell distilled to a credibility issue for the Hearing Officer to resolve (*see Matter of Applewhite v Goord*, 22 AD3d 985 [2005]).

As for petitioner's claim of hearing officer bias, we note initially that petitioner neglected to preserve this issue for our review by failing to raise a timely objection in this regard at the administrative hearing (*see Matter of Thompson v Coombe*, 240 AD2d 977, 978 [1997]). Nevertheless, were we to address this issue, we would conclude that "the outcome of the hearing flowed from the substantial evidence in the record and not from any alleged conspiracy or bias on the part of the Hearing Officer" (*Matter of Boyd v Goord*, 18 AD3d 1078, 1079 [2005]). Petitioner's remaining contentions, including his assertion that the hearing was not completed in a timely fashion, have been examined and found to be lacking in merit.

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.