In the Matter of ELVIN LEBRON, Appellant, v MICHAEL McGINNIS, as Superintendent of Southport Correctional Facility, Respondent. [810 NYS2d 526]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Tait, J.), entered March 9, 2005 in Chemung County, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, was charged in a misbehavior report with solicitation, smuggling, impersonation and a facility correspondence violation after he used another inmate's identity to seek unauthorized library services. Following a tier III disciplinary hearing, petitioner was found guilty of all charges and thereafter commenced this CPLR article 78 proceeding challenging the determination. Supreme Court, among other things, dismissed the petition, and this appeal by petitioner ensued.

Initially, we note that petitioner expressly waived his substantial evidence claim by retracting it before Supreme Court. In any event, the detailed misbehavior report and petitioner's admission that he wrote the requests for library services provide substantial evidence to support the determination of guilt (see Matter of De Villar v Goord, 8 AD3d 940, 940 [2004]; Matter of Green v McGinnis, 262 AD2d 897, 897 [1999], lv dismissed 94 NY2d 931 [2000]; Matter of Hili v Coughlin, 219 AD2d 750, 750 [1995], lv dismissed 87 NY2d 860 [1995]). Next, although the employee assistant was unable to produce every document that petitioner requested, the record reveals that the assistant provided petitioner with all of the relevant information he requested and the hearing officer adjourned the

hearing to afford petitioner a full opportunity to review the documents to which he was entitled (*see Matter of Rosa v Goord*, 14 AD3d 747, 748 [2005]; *Matter of Lam Trang v Goord*, 283 AD2d 816, 817 [2001]). Finally, petitioner was not improperly denied documents or witnesses inasmuch as the evidence in question was either irrelevant or unavailable (*see Matter of Seymour v Goord*, 24 AD3d 831, 832 [2005]).

We have reviewed petitioner's remaining contentions and find that they are without merit.

Crew III, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.