■ In the Matter of JORDAN SHICON, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [811 NYS2d 165]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Correction officials obtained confidential information that petitioner was a high ranking member of the Bloods gang and had ordered hits to take place on certain cell blocks against other inmates and security personnel. As a result, petitioner was charged in a misbehavior report with engaging in unauthorized organizational activities. He was found guilty of this charge following a tier III disciplinary hearing and the determination was upheld on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

Contrary to petitioner's claim, substantial evidence in the form of the misbehavior report and the testimony of the correction officer who prepared it taken by the hearing officer in camera provide substantial evidence supporting the determination of guilt (*see Matter of Riley v Goord*, 22 AD3d 925, 925

[2005]; *Matter of Fludd v Goord*, 18 AD3d 929, 930 [2005]). The hearing officer made adequate inquiries of the correction officer who prepared the misbehavior report to ascertain the reliability and credibility of the information supplied by the confidential informants and was not required to independently interview such individuals (*see Matter of Pabon v Goord*, 6 AD3d 833, 834 [2004]; *Matter of Concepcion v Selsky*, 1 AD3d 685, 685-686 [2003]). Furthermore, petitioner failed to preserve his claim of hearing officer bias by objecting at the hearing (*see Matter of Lunney v Goord*, 24 AD3d 1135 [2005]) and, even if we were to consider it, we would find it to be without merit as there is no indication that the determination at issue flowed from any alleged bias (*see id.* at 1136; *Matter of Porter v Goord*, 21 AD3d 1241, 1241 [2005]).

Crew III, J.P., Peters, Spain, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.