■ In the Matter of JAMES PETTUS, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [812 NYS2d 391]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was accused of becoming disruptive and failing to cooperate with correction officers during a frisk conducted prior to a scheduled medical appointment. As a result, the appointment had to be rescheduled and petitioner was returned to his cell. He was charged in a misbehavior report with refusing a direct order, failing to comply with frisk procedures, creating a disturbance and interfering with an employee. Petitioner was found guilty of the charges at the conclusion of a tier III disciplinary hearing. The determination was affirmed on administrative appeal, with a modified penalty. This CPLR article 78 proceeding ensued.

Substantial evidence, consisting of the misbehavior report together with the considerable testimony at the hearing, supports the determination of guilt (*see Matter of Bragg v Selsky,* 16 AD3d 875 [2005]; *Matter of Folk v Goord,* 307 AD2d 500, 501 [2003]). We find no error in the denial of petitioner's request to call witnesses who would not have provided testimony relevant to the charges (*see Matter of Burgos-Morales v Goord,* 22 AD3d 999, 1000 [2005]). Furthermore, by failing to raise it at the disciplinary hearing, petitioner has not preserved his claim of hearing officer bias (*see Matter of Lunney v Goord,* 24 AD3d 1135, 1136 [2005]). In any event, even if we were to consider it, the record does not disclose that the hearing officer was biased or that the determination flowed from any alleged bias (*see id.* at 1136; *Matter of Applewhite v Goord,* 22 AD3d 985, 986 [2005]).

Cardona, P.J., Mercure, Peters, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.