■ In the Matter of JAMES PETTUS, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [813 NYS2d 274]—Appeal from a judgment of the Supreme Court (Clemente, J.), entered June 23, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

After an investigation into alleged threatening letters received by several correctional facility employees, petitioner was charged in a misbehavior report with violating the prison disciplinary rules that prohibit failure to comply with correspondence procedures, harassment and making threats. Following the ensuing tier III disciplinary hearing, petitioner was found guilty of violating correspondence procedures, based upon his plea of guilty thereto, and not guilty of the remaining two charges. A penalty of 30 days' keeplock was imposed and the determination was affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the determination and Supreme Court dismissed the petition. This appeal ensued.

Petitioner's sole contention on appeal is that the charges in the misbehavior report should have been classified as a tier II disciplinary proceeding, particularly since he was found guilty only of a correspondence violation. However, it is the function of the review officer, based upon the seriousness of the charges and the appropriate corresponding penalty in the event the

charges are substantiated, to determine the tier classification (*see* 7 NYCRR 251-2.2 [b]), and we decline to substitute our view for that of the review officer (*see Matter of Allende v Selsky*, 302 AD2d 764, 765 [2003]; *Matter of Cliff v Kingsley*, 293 AD2d 954, 955 [2002]; *Matter of Green v Senkowski*, 276 AD2d 1006, 1007 [2000], *lv denied* 97 NY2d 602 [2001]).

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.