■ In the Matter of WILLIE GATHERS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [819 NYS2d 197]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

After an investigation into petitioner's allegation that he was attacked by three unknown correction officers who choked him unconscious and then inserted and broke a broom handle in his rectum, petitioner was charged in a misbehavior report with violating the prison disciplinary rules that prohibit lying, destroying state property and causing self-inflicted bodily harm. According to the misbehavior report, a search of petitioner's cell in connection with an investigation into his allegations uncovered a state-issued cut broom handle, Vaseline and a hidden envelope containing wooden splinters. Furthermore, although a five-inch piece of wood was removed from petitioner's rectum, he sustained no injuries. Petitioner refused to appear at the ensuing tier III disciplinary hearing, at the conclusion of which he was found guilty of all three charges. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding.

The misbehavior report, corroborating memoranda, and confidential testimony of the correction officer who investigated the incident provide substantial evidence to support the determination of guilt (see Matter of Ferguson v Goord, 13 AD3d 949, 949-950 [2004]; Matter of Thomassini v Goord, 13 AD3d 954 [2004], appeal dismissed 5 NY3d 848 [2005]). We find no support in the record for petitioner's contention that the determination and resulting penalty were in retaliation for his complaints against correction facility staff. Lastly, inasmuch as petitioner refused to attend the disciplinary hearing, he has waived his challenge to the tier classification of the misbehavior report (see Matter of Kalwasinski v Senkowski, 244 AD2d 738, 739 [1997]). In any event, we decline to interfere with the reviewing officer's decision (see Matter of Pettus v Selsky, 28

AD3d 1043 [2006]; *Matter of Allende v Selsky*, 302 AD2d 764, 765 [2003]).

Mercure, J.P., Peters, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.