■ In the Matter of JASON REID, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [823 NYS2d 316]—

Proceeding pursuant to CPLR article 78 (transferred to this

Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

During an authorized mail watch, correction officials confiscated two letters sent by petitioner to his mother in which he requested her to bring drugs to the prison. As a result, he was charged in a misbehavior report with smuggling and conspiring to introduce drugs into the correctional facility. Following a tier III disciplinary hearing, he was found guilty of both charges. The determination of guilt was affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony taken at the hearing as well as the confidential testimony considered by the Hearing Officer in camera, establish that petitioner sought to introduce drugs into the prison through letters to his mother and support the determination finding him guilty of the charges at issue (*see Matter of Vizcaino v Selsky*, 26 AD3d 574, 574 [2006], *lv denied* 7 NY3d 708 [2006]; *Matter of Santana v Selsky*, 23 AD3d 722, 723 [2005]). While petitioner's mother testified that the code words used in the letters did not refer to narcotics, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Williams v Goord*, 23 AD3d 872, 872 [2005]). Petitioner's claim of hearing officer bias is unpreserved due to his failure to raise it at the hearing and, in any event, it is without merit as the record does not indicate that the determination flowed from any alleged bias (*see Matter of Shicon v Goord*, 27 AD3d 811, 812 [2006]). Petitioner's remaining contentions, to the extent they are properly before us, have been considered and found to be unavailing.

Cardona, P.J., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.