■ In the Matter of Injah Tafari, Appellant, v Donald Selsky, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [840 NYS2d 168]—

Appeal from a judgment of the Supreme Court (Work, J.), entered July 21, 2006 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner was found guilty of violating four prison disciplinary rules after he attempted to have sexual contact with a female visitor. As part of the penalty, the Hearing Officer ordered that petitioner be placed on a restricted diet for 14 days. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

Initially, inasmuch as petitioner did not raise his procedural objection to the misbehavior report at the disciplinary hearing, he has failed to preserve this claim for our review (*see Matter of Tankleff v Senkowski*, 3 AD3d 621, 622 [2004], *lv denied* 2 NY3d 703 [2004]; *Matter of Freeman v Selsky*, 270 AD2d 547, 547 [2000]). As for his claim that the imposition of a restricted diet was an inappropriate penalty, we find this contention to be without merit. Such a penalty is appropriate in the case of "a long-term SHU inmate who is disruptive and who has lost all

other available privileges and good time" (7 NYCRR 304.2 [b] [4]). Given that petitioner fits this criteria, the penalty was authorized (*see* 7 NYCRR 254.7 [a] [1] [iv]; *see e.g. Matter of Davis v Goord*, 21 AD3d 606, 609 [2005]). Consequently, Supreme Court properly dismissed the petition.

Cardona, P.J., Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.