■ In the Matter of REGINALD BROWER, Petitioner, v D. VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [875 NYS2d 319]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with engaging in violent conduct and violating facility visiting procedures after a correction officer witnessed petitioner, among other things, grab his wife's neck during a visit. Following a tier III disciplinary hearing, petitioner was found guilty as charged and a penalty was imposed. That decision was affirmed upon petitioner's administrative appeal, prompting him to commence this proceeding pursuant to CPLR article 78 to challenge the determination of guilt.

We confirm. The detailed misbehavior report, coupled with the testimony of the authoring correction officer, provide

substantial evidence of petitioner's guilt (*see Matter of Ponder v Fischer*, 54 AD3d 1094, 1095 [2008]; *Matter of Nelson v Goord*, 33 AD3d 1135, 1136 [2006]). To the extent that petitioner and his wife denied that any violent conduct occurred and contended that they were just "playing," this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Hale v Selsky*, 57 AD3d 1136, 1137 [2008]; *Matter of Leigh v Fischer*, 56 AD3d 1095 [2008]). Petitioner's remaining contentions, including his assertions that the misbehavior report was deficient and that he was denied a fair hearing before an impartial Hearing Officer, are unpreserved for our review due to his failure to raise these issues at the administrative hearing (*see Matter of Tafari v Selsky*, 41 AD3d 1117 [2007], *lv denied* 9 NY3d 809 [2007]; *Matter of Reid v Goord*, 34 AD3d 954, 955 [2006]).

Mercure, J.P., Lahtinen, Kavanagh, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.