*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   September 15, 2016                     522139
_____

In the Matter of WONDER
    WILLIAMS,
                          Petitioner,

        v
                                          MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                          Respondent.
_____

Calendar Date:   August 8, 2016

Before:   McCarthy, J.P., Egan Jr., Lynch, Mulvey and Aarons, JJ.

_____

        Wonder Williams, Romulus, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

        After a search of petitioner's cell in the special housing unit (hereinafter SHU) revealed a toothbrush with a handle that had been sharpened to a point, petitioner was charged in a misbehavior report with possession of a weapon.  Following a tier III hearing, he was found guilty as charged and a penalty was imposed, and the determination was upheld on administrative appeal.  This CPLR article 78 proceeding ensued.

Substantial evidence was adduced supporting the determination, including the misbehavior report and the testimony of its author, who conducted the search, as well as the testimony of other correctional officers, certain documentary evidence and the weapon itself, which the Hearing Officer inspected (see Matter of Shufelt v Annucci, 138 AD3d 1336, 1337 [2016]; Matter of Giano v Prack, 138 AD3d 1285, 1285 [2016], lv denied ___ NY3d ___ [Aug. 30, 2016]). Petitioner's claim that he was issued the toothbrush in its sharpened condition in the SHU created a credibility question for the Hearing Officer (see Matter of Lacey v Annucci, 138 AD3d 1329, 1330 [2016]), and several officers testified that, while the handles of toothbrushes were sometimes cut short in the SHU, they were shortened with a straight-cut edge and inmates were never given toothbrushes with a sharpened or pointed handle. We also reject petitioner's claim that he was denied the right to call witnesses, as the Hearing Officer made repeated and reasonable efforts to identify and locate the unnamed SHU porter who had cut the toothbrushes months earlier (see Matter of Stephens v Lee, 115 AD3d 964, 964 [2014]). Further, the Hearing Officer correctly determined that testimony of the reviewing officer who classified this as a tier III violation, who had no personal knowledge regarding this matter, and the documentation of his reasons for the classification were not relevant to the determination of whether petitioner possessed a weapon (see 7 NYCRR 251-2.2 [b]; Matter of Pettus v Selsky, 28 AD3d 1043, 1043-1044 [2006]). Further, we discern no basis upon which to disturb the reviewing officer's discretionary tier classification (see 7 NYCRR 251-2.2 [b]; Matter of Gathers v Goord, 31 AD3d 1085, 1085-1086 [2006]; Matter of Pettus v Selsky, 28 AD3d at 1043-1044). We have reviewed petitioner's remaining contentions and, to the extent that they are preserved for our review, we find that they are without merit.

McCarthy, J.P., Egan Jr., Lynch, Mulvey and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court