## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  September 15, 2016                    522117
_____

In the Matter of WILLIE CLARK,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  August 8, 2016

Before:  Peters, P.J., McCarthy, Garry, Clark and Mulvey, JJ.

_____

        Willie Clark, Comstock, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Owen Demuth
of counsel), for respondent.

_____

        Appeal from a judgment of the Supreme Court (Hayden, J.),
entered October 5, 2015 in Chemung County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent finding
petitioner guilty of violating certain prison disciplinary rules.

        During the course of a narcotics investigation at the
correctional facility where petitioner is incarcerated, certain
telephone calls made by petitioner in May 2014 were monitored and
petitioner was heard speaking to a woman regarding a plan to
bring controlled substances, including marihuana, cocaine and
pills, into the correctional facility.  The woman was arrested
after she passed these substances on to a third person who was to
transport them into the correctional facility.  As a result,
petitioner was charged in a misbehavior report with conspiring to

possess controlled substances, smuggling and making third-party telephone calls.  Following a tier III disciplinary hearing, he was found guilty of the charges.  On administrative appeal, the charge of making third-party telephone calls was dismissed and the penalties were reduced, but the modified determination was otherwise upheld.  Petitioner commenced this CPLR article 78 proceeding challenging the modified determination.  Following service of respondent's answer, Supreme Court dismissed the petition and petitioner now appeals.

Petitioner challenges the determination on procedural grounds arguing, among other things, that he was improperly denied as a witness the unnamed third party referenced in the misbehavior report.  Significantly, the investigator who testified at the hearing indicated that this person's identity was confidential due to the fact that the criminal investigation was still ongoing.  Given that the revelation of this individual's name could compromise the investigation and jeopardize institutional security, the denial of petitioner's request was not improper (see Matter of Williams v Goord, 23 AD3d 872, 873 [2005]; Matter of Fludd v Goord, 18 AD3d 929, 930 [2005]; see also Matter of Shannon v Goord, 282 AD2d 909, 910 [2001]).  We have considered petitioner's remaining contentions and find that they are either unpreserved for our review or are lacking in merit.  Therefore, the petition was properly dismissed.

Peters, P.J., McCarthy, Garry, Clark and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court