Matter of Credell v Hurt (2018 NY Slip Op 08392)





Matter of Credell v Hurt


2018 NY Slip Op 08392


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

525602

[*1]In the Matter of DARNELL CREDELL, Petitioner,
v
R. HURT, as Correction Sergeant at Orleans Correctional Facility, et al., Respondents.

Calendar Date: October 26, 2018

Before: McCarthy, J.P., Lynch, Aarons, Rumsey and Pritzker, JJ.


Darnell Credell, Gowanda, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Martin A. Hotvet of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with disobeying a direct order after he refused to comply with a correction officer's directive to submit to fingerprinting. At the tier III disciplinary hearing that followed, petitioner objected to the classification of the disciplinary violation — arguing that he previously had been served with a misbehavior report charging him with disobeying a direct order as a tier II violation and questioning the basis for "boost[ing] it" to a tier III violation — and asserted that the correction officer at issue lacked the authority to compel him to submit an additional set of his fingerprints. Petitioner thereafter was found guilty of the charge, and a penalty was imposed. The determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.
Initially, we reject petitioner's claim that his disciplinary infraction improperly was classified as a tier III violation. The pertinent regulation provides that refusing to obey a direct order may be designated as either a tier I, II or III violation (see 7 NYCRR 270.2 [7] [i]; see generally Matter of Pettus v New York State Dept. of Correctional Servs., 73 AD3d 1411, 1412 [2010]; Matter of Kalwasinski v Goord, 25 AD3d 1050, 1051 [2006]), and "it is the function of the review officer, based upon the seriousness of the charges and the appropriate corresponding penalty in the event the charges are substantiated, to determine the tier classification" (Matter of Pettus v Selsky, 28 AD3d 1043, 1043-1044 [2006]; see 7 NYCRR 251-2.2 [b]). We discern no abuse of the review officer's discretionary tier classification in this matter (see Matter of [*2]Williams v Annucci, 142 AD3d 1213, 1214 [2016]). Further, although the record reflects that petitioner initially was served with the misbehavior report with a cover sheet designating his disciplinary infraction as a tier II violation, the correction officer who served petitioner explained that the first misbehavior report inadvertently contained "the wrong cover sheet"; upon discovering this error, petitioner was re-served with the misbehavior report charging him with disobeying a direct order as a tier III violation. The correction officer's testimony was sufficient to explain the clerical error (see e.g. Matter of Tavarez v Annucci, 134 AD3d 1374, 1375 [2015]; Matter of Sheard v Fischer, 107 AD3d 1261, 1261 [2013]; Matter of Garcia v Fischer, 68 AD3d 1311, 1312 [2009]), and, given that an appropriate extension was obtained to re-serve petitioner with the correct paperwork and commence the disciplinary hearing, we discern no prejudice to petitioner.
As to the merits, the misbehavior report and hearing testimony constitute substantial evidence to support the determination that petitioner refused to obey a direct order (see Matter of Watson v Gardner, 156 AD3d 1050, 1051 [2017]; Matter of Baez v Venettozzi, 155 AD3d 1231, 1232 [2017]; Matter of Tavarez v Annucci, 134 AD3d at 1374). Although petitioner asserted that the correction officer lacked the authority to compel him to submit an additional set of fingerprints, "inmates are not free to disobey the orders of correction personnel, even if such orders appear to be unauthorized or infringe upon the inmate's constitutional rights" (Matter of Watson v Gardner, 156 AD3d at 1051 [internal quotation marks and citation omitted]), and petitioner "was required to obey any direct order given by staff regardless of whether he agreed with it" (Matter of Allende v Selsky, 302 AD2d 764, 765 [2003]; see Matter of Tarbell v Prack, 89 AD3d 1342, 1343 [2011]). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
McCarthy, J.P., Lynch, Aarons, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.