# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

972

TP 12-00592

PRESENT: FAHEY, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF MARSEAN JOHNSON, PETITIONER,

V                                        MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONAL SERVICES, RESPONDENT.

---

MARSEAN JOHNSON, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PETER H. SCHIFF OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Cayuga County [Mark H. Fandrich, A.J.], entered March 22, 2012) to review a determination of respondent. The determination found after a Tier III hearing that petitioner had violated various inmate rules.

It is hereby ORDERED that the determination is unanimously modified on the law and the petition is granted in part by annulling that part of the determination finding that petitioner violated inmate rule 121.14 (7 NYCRR 270.2 [B] [22] [v]) and vacating the penalty and as modified the determination is confirmed without costs, respondent is directed to expunge from petitioner's institutional record all references to the violation of that inmate rule and the matter is remitted to respondent for further proceedings in accordance with the following Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a Tier III hearing, that he violated various inmate rules as charged in a misbehavior report. We conclude that there is substantial evidence to support the determination that petitioner violated inmate rules 113.25 (7 NYCRR 270.2 [B] [14] [xv] [drug possession]), 114.10 (7 NYCRR 270.2 [B] [15] [i] [smuggling]), 121.11 (7 NYCRR 270.2 [B] [22] [ii] [third-party call]) and 180.10 (7 NYCRR 270.2 [B] [26] [i] [facility visitation violation]). The misbehavior report, together with the unusual incident report, petitioner's admissions at the hearing, the confidential testimony and information considered by the Hearing Officer, the tape recordings of the telephone conversations at issue and the hearing testimony of two investigators, constitute substantial evidence that petitioner violated those inmate rules (*see generally Matter of Colon v Fischer*, 83 AD3d 1500, 1501; *Matter of Sanders v Haggett*, 72 AD3d 1372, 1372-1373). Contrary to petitioner's contention, he was not entitled to access the confidential information

(*see Sanders*, 72 AD3d at 1373). Further, given the ongoing criminal investigation related to the confidential information, the Hearing Officer properly maintained the confidentiality of that information (*see Matter of Williams v Goord*, 23 AD3d 872, 872). There is no merit to petitioner's additional contention that the misbehavior report failed to provide him with sufficient detail to prepare a defense (*see Matter of Robinson v Herbert*, 269 AD2d 807, 807).

As respondent correctly concedes, however, the determination that petitioner violated inmate rule 121.14 (7 NYCRR 270.2 [B] [22] [v] [exchanging PINs]) is not supported by the record. We therefore modify the determination and grant the petition in part by annulling that part of the determination finding that petitioner violated inmate rule 121.14, and we direct respondent to expunge from petitioner's institutional record all references to the violation of that rule. Inasmuch as a single penalty was imposed for all five rule violations charged and the record fails to specify any relation between the violations and that penalty, we further modify the determination by vacating the penalty, and we remit the matter to respondent for imposition of an appropriate penalty on the remaining violations (*see Colon*, 83 AD3d at 1502).

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court