Appeal from a judgment of the Supreme Court (Cahill, J.), entered March 28, 2013 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
A correction officer observed petitioner involved in a physical altercation with another inmate. The officer ordered the inmates to stop fighting, but his orders were ignored. The officer then observed petitioner with a weapon in his hand stabbing the other inmate and directed petitioner to drop the weapon, but he did not comply. After another officer responded to the area to provide assistance, petitioner was restrained and the weapon was recovered. Petitioner was thereafter charged in a misbehavior report with possessing a weapon, refusing a direct order, engaging in violent conduct, creating a disturbance and fighting. He was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on *1102 administrative appeal.* He then commenced this CPLR article 78 proceeding challenging the determination and, following service of respondent’s answer, Supreme Court dismissed the petition. Petitioner now appeals.
We affirm. Initially, we find no merit to petitioner’s claim that, with respect to the charge that he possessed a weapon, the misbehavior report was not sufficiently detailed to enable him to prepare an adequate defense. The report set forth the circumstances surrounding the correction officer’s acquisition of the weapon, including the time, date and location where the incident occurred (see Matter of Bonnemere v Fischer, 100 AD3d 1174, 1175 [2012]; Matter of Quezada v Fischer, 85 AD3d 1462, 1462 [2011]). The fact that it did not provide a specific description of the weapon does not render it defective as it was not necessary that the report contain all evidentiary details (see Matter of Sylvester v Goord, 24 AD3d 841 [2005]). Notably, petitioner acknowledged at the hearing that he reviewed a photocopy depicting the weapon and there is no indication that he was prejudiced.
Likewise, we are not persuaded that petitioner was improperly denied witnesses at the hearing. The Hearing Officer attempted to obtain the testimony of the only inmate witness that petitioner specifically requested, who was then residing at a different correctional facility. While on speaker phone, the inmate would not speak or reveal the reason he did not want to testify, and this was confirmed by a correction officer who was present with the inmate at the time. The Hearing Officer clearly indicated that he was construing the inmate’s silence as a refusal, and petitioner stated that he was satisfied with the inquiry made by the Hearing Officer. We find that the Hearing Officer fulfilled his obligation under the circumstances presented (see Matter of James v Bezio, 94 AD3d 1312, 1313 [2012]; see generally Matter of Hill v Selsky, 19 AD3d 64, 66-67 [2005]). The record further discloses that the Hearing Officer undertook additional efforts to locate other inmates who may have had knowledge of the incident in question. We find that petitioner’s arguments with respect to these potential witnesses are either unpreserved for our review or are lacking in merit.
Lahtinen, J.P., McCarthy, Garry and Egan Jr., JJ., concur.
Ordered that the judgment is affirmed, without costs.

 The hearing was actually a rehearing conducted after the original determination was reversed due to the Hearing Officer’s failure to make a sufficient inquiry into an inmate witness’s refusal to testify.