■ In the Matter of SHERMAN ADAMS, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [983 NYS2d 746]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

During the course of an investigation in which confidential information was received, correction officials discovered that petitioner was involved with other inmates in illegal gang activities that included, among other things, arranging to have another inmate assaulted and bringing weapons into the correctional facility. As a result, he was charged in a misbehavior

---

report with assault, possessing a weapon, smuggling and engaging in gang-related activity. He was found guilty of the charges following a lengthy tier III disciplinary hearing and the determination was affirmed on administrative appeal.* This CPLR article 78 proceeding ensued.

We confirm. The detailed misbehavior report and related documentation, together with the considerable hearing testimony and the confidential information reviewed by the Hearing Officer in camera, provide substantial evidence supporting the determination of guilt (*see Matter of Pelaez v Early*, 102 AD3d 1030, 1030 [2013]; *Matter of Garner v Selsky*, 47 AD3d 1167, 1168 [2008]). "Although the Hearing Officer did not personally interview the confidential informant, a review of the confidential material establishes that the Hearing Officer made an independent assessment of the reliability and credibility of the information provided" (*Matter of Concepcion v Selsky*, 1 AD3d 685, 685-686 [2003] [citation omitted]). The conflicting testimony of petitioner and his inmate witnesses presented a credibility issue for the Hearing Officer to resolve (*see Matter of Williams v Fischer*, 102 AD3d 1044 [2013]; *Matter of Kimbrough v Fischer*, 96 AD3d 1256, 1257 [2012]). Moreover, given that the misbehavior report was prepared as the result of an ongoing investigation that was based largely upon confidential information, we find that it was sufficiently detailed to provide petitioner with notice of the charges to enable him to prepare a defense (*see Matter of Cognata v Fischer*, 85 AD3d 1456, 1457 [2011]; *Matter of Quinones v Ricks*, 288 AD2d 568, 568-569 [2001]). Furthermore, based upon our extensive review of the record, we find nothing to indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Bunting v Fischer*, 98 AD3d 1154 [2012]; *Matter of Arnold v Fischer*, 60 AD3d 1177, 1177 [2009]). We have considered petitioner's numerous remaining contentions, to the extent that they have been preserved, and find them to be unpersuasive.

Stein, J.P., McCarthy, Rose and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* The penalty was later reduced upon discretionary review.