*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 31, 2014                517307
_____

In the Matter of JORGE L.
    LINARES,
                        Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

BRIAN FISCHER, as Commissioner
    of Corrections and Community
    Supervision,
                        Respondent.
_____

Calendar Date:  June 9, 2014

Before:  Peters, P.J., Stein, Garry, Egan Jr. and Clark, JJ.

_____

        Jorge L. Linares, Rome, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

        Correction officials discovered that petitioner received a package and had given some of its contents to another inmate. They found such items in the locker belonging to the other inmate and learned that the package had been sent to petitioner by the other inmate's mother.  As a result, petitioner was charged in a misbehavior report with engaging in an unauthorized exchange, smuggling and violating package room procedures.  He was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal.

This CPLR article 78 proceeding ensued.

Initially, respondent concedes and we agree that the determination finding petitioner guilty of violating package room procedures is not supported by substantial evidence. Although the determination must be annulled to this extent, the matter need not be remitted for a reassessment of the penalty given that no loss of good time was imposed and petitioner has already served the penalty (see Matter of Madden v Griffin, 109 AD3d 1060, 1061 [2013], lv denied 22 NY3d 860 [2014]; Matter of Hinton v Fischer, 108 AD3d 1000, 1001 [2013]).

We find no reason to disturb the determination with respect to the remaining charges. Petitioner admitted that he received a package from another inmate's mother and gave a portion of the contents to the inmate to keep in his locker until petitioner had room in his own. His testimony was consistent with the testimony of the other inmate, the inmate's mother and the sergeant who wrote the misbehavior report, all of which, together with the detailed misbehavior report, provide substantial evidence supporting petitioner's guilt of the charges of smuggling and engaging in an unauthorized exchange (see Matter of Cruz v Walsh, 87 AD3d 1234, 1234-1235 [2011]; Matter of Mendez v Goord, 21 AD3d 1191, 1191-1192 [2005]; Matter of Miller v Portuondo, 269 AD2d 646, 646 [2000]). Contrary to petitioner's claim, we find nothing to indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Guillory v Fischer, 111 AD3d 1005, 1005-1006 [2013]; Matter of Fero v Prack, 108 AD3d 1004, 1005 [2013]). Petitioner's remaining contentions are either unpreserved or without merit.

Peters, P.J., Stein, Garry, Egan Jr. and Clark, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of violating package room procedures; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court