*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 6, 2014                517522
_____

In the Matter of PETER MALETTA,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

SANDRA AMOIA, as Superintendent
    of Groveland Correctional
    Facility, et al.,
                    Respondents.
_____

Calendar Date:  September 16, 2014

Before:  Lahtinen, J.P., Stein, McCarthy, Lynch and Clark, JJ.

_____

        Peter Maletta, Marcy, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondents.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

        Petitioner, a prison inmate, was charged in a misbehavior report with the possession of narcotics, smuggling and violating phone and visiting room privileges after his visitor was found to be in possession of Suboxone and heroin.  During a subsequent search of petitioner's cube, an impermissible quantity of stamps was found and he was charged in a second misbehavior report with possessing unauthorized property.  During a tier III disciplinary hearing, he pleaded guilty to possessing unauthorized property and was subsequently found guilty of the remaining charges.

After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding.

We confirm. With respect to the first misbehavior report, the detailed report itself, hearing testimony, positive drug test results and confidential information reviewed in camera by the Hearing Officer provide substantial evidence to support the determination of guilt (see Matter of Scott v Prack, 117 AD3d 1300, 1300 [2014]; Matter of Adams v Fischer, 116 AD3d 1269, 1270 [2014]). Further, the misbehavior report was sufficiently detailed to put petitioner on notice of the charges and allow him to prepare a defense (see Matter of Singleton v Fischer, 115 AD3d 1101, 1102 [2014], lv denied 24 NY3d 902 [2014]; Matter of Cane v Fischer, 115 AD3d 1097, 1098 [2014]). Petitioner's claim that he should not have been found guilty because the visitor left the majority of the drugs in a locker outside the facility is unavailing inasmuch as the violations occurred when he solicited and conspired with her on the prison telephone to smuggle the drugs into the facility (see Matter of Booker v Fischer, 102 AD3d 1045, 1046 [2013]; Matter of Brown v Fischer, 98 AD3d 778, 779 [2012]). Furthermore, his challenges to the chain of custody and drug testing procedures were irrelevant with respect to the charges of conspiracy and solicitation (see Matter of Harrison v Fischer, 104 AD3d 1032, 1033 [2013]; Matter of Quartieri v New York State Dept. of Correctional Servs., 70 AD3d 1071, 1072 [2010]).

Turning to petitioner's procedural contentions, the Hearing Officer did not err in posing petitioner's questions to the investigator outside of petitioner's presence for reasons of institutional safety and security (see Matter of Harrison v Prack, 87 AD3d 1221, 1221 [2011]; Matter of Shabazz v Artus, 72 AD3d 1299, 1300 [2010]). Contrary to petitioner's argument, the record reveals that the finding of guilt emanated from the overwhelming evidence in the record, rather than from any alleged hearing officer bias (see Matter of Fero v Prack, 110 AD3d 1128, 1129 [2013]; Matter of Abrams v Fischer, 109 AD3d 1030, 1031 [2013]). Finally, although it appears that certain sanctions have been adjusted, we reject petitioner's claim that additional sanctions were imposed following the disciplinary hearing. Contrary to petitioner's claims, he was advised at the conclusion

of the disciplinary hearing that his visitation privileges with the visitor were revoked and the penalty was included as part of the hearing disposition form (see 7 NYCRR 201.4). Petitioner's remaining contentions have been examined and found to be either without merit or unpreserved.

Lahtinen, J.P., Stein, McCarthy, Lynch and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court