## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  November 13, 2014                518813
_____

In the Matter of MOSHE CINQUE
    CANTY,
                    Petitioner,

          v                                    MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                    Respondent.
_____

Calendar Date:  September 16, 2014

Before:  Peters, P.J., Lahtinen, McCarthy, Egan Jr. and
         Devine, JJ.

                    _____

        Moshe Cinque Canty, Malone, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision which found petitioner guilty of violating
a prison disciplinary rule.

        Petitioner was observed passing a green object to another
inmate in the prison yard, after which the other inmate was
frisked and found to have a sharpened green toothbrush.  As a
result, petitioner was charged in a misbehavior report with
violating the prison disciplinary rule prohibiting possession of
a weapon.  Following a tier III disciplinary hearing, he was
found guilty as charged.  The determination was affirmed in

relevant part upon administrative review, and this CPLR article 78 proceeding ensued.

We confirm.  Contrary to petitioner's initial assertion, the misbehavior report advised him of the particulars regarding his handing the weapon to the other inmate and its subsequent recovery, and was "sufficiently detailed to enable him to prepare an adequate defense" (Matter of Singleton v Fischer, 115 AD3d 1101, 1102 [2014], lv denied 24 NY3d 902 [2014]; see Matter of Quezada v Fischer, 85 AD3d 1462, 1462 [2011]).  Substantial evidence, in the form of the misbehavior report, documentary evidence and the hearing testimony of the correction officers who observed the exchange between the inmates and recovered the item, supports the determination (see Matter of Adams v Fischer, 116 AD3d 1269, 1270 [2014]; Matter of Jackson v Fischer, 98 AD3d 766, 767 [2012]).  The conflicting testimony of petitioner and other inmate witnesses presented a credibility issue for the Hearing Officer to resolve (see Matter of Adams v Fischer, 116 AD3d at 1270).  Petitioner's remaining arguments have been considered and found to be unpersuasive.

Peters, P.J., Lahtinen, McCarthy, Egan Jr. and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court