## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  May 12, 2016                    521181
_____

In the Matter of KEVIN
   ZIMMERMAN,
                Petitioner,
     v                                    MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
   Commissioner of Corrections
   and Community Supervision,
                Respondent.
_____

Calendar Date:  March 29, 2016

Before:  Lahtinen, J.P., Garry, Egan Jr., Lynch and Clark, JJ.

_____

     Kevin Zimmerman, Elmira, petitioner pro se.

     Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

     Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

     Petitioner, a prison inmate, was charged with smuggling, conspiring with another person to smuggle controlled substances into a correctional facility, violating facility visiting room procedures and participating in third-party telephone calls. Following a tier III disciplinary hearing, petitioner was found guilty of smuggling, conspiring to smuggle narcotics or marihuana into a correctional facility and participating in third-party telephone calls, and the determination was later affirmed on administrative appeal.  This CPLR article 78 proceeding ensued.

We confirm.  The misbehavior report, the testimony of its author and the confidential information and testimony considered by the Hearing Officer in camera, as well as petitioner's taped telephone conversations introduced into evidence at the hearing, provide substantial evidence supporting the determination of guilt (see Matter of Jones v Prack, 114 AD3d 985, 985 [2014]; Matter of Sanders v LaClair, 67 AD3d 1226, 1226 [2009]). Although petitioner denied conspiring to smuggle drugs into the facility, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Gomez v Leclaire, 53 AD3d 994, 995-996 [2008]; Matter of Reed v Goord, 16 AD3d 796, 796-797 [2005]).  The fact that petitioner was not found to be in possession of any controlled substances does not negate his guilt, as a violation of the rules occurred when petitioner conspired to introduce such items into the facility (see Matter of Welch v Fischer, 121 AD3d 1139, 1140 [2014]; Matter of Rodriguez v Fischer, 120 AD3d 855, 856 [2014]; see also 7 NYCRR 270.2 [B] [14] [xv]; 270.3 [b] [2]).

Contrary to petitioner's contentions, the misbehavior report, which was read into the record, was sufficiently detailed to give him notice of the charges to enable him to prepare a defense (see Matter of Maletta v Amoia, 122 AD3d 962, 963 [2014]; Matter of Booker v Fischer, 102 AD3d 1045, 1046 [2013]), and it was not improper for the investigating correction officer to use the date that he wrote the misbehavior report as the incident date because of the then-ongoing nature of the investigation (see Matter of Blake v Goord, 35 AD3d 1016, 1017 [2006]; Matter of Kornegay v Goord, 21 AD3d 1236, 1236-1237 [2005]).  Petitioner's remaining contentions, including his claim that the Hearing Officer did not inform him until the end of the hearing that confidential testimony had been taken, are either unpreserved for our review or have been examined and found to be lacking in merit.

Lahtinen, J.P., Garry, Egan Jr., Lynch and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court