*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: September 15, 2016        521257
_____

In the Matter of RALIK BAILEY,
               Petitioner,

     v

                              MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
               Respondent.
_____

Calendar Date: August 8, 2016

Before: Peters, P.J., Garry, Rose, Devine and Mulvey, JJ.

_____

Ralik Bailey, Dannemora, petitioner pro se.

Eric T. Schneiderman, Attorney General, Albany (Frank Brady of counsel), for respondent.

_____

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

During the course of an investigation, correction officials discovered that petitioner was involved in a scheme to bring drugs into the correctional facility and had used the facility telephone system in furtherance thereof. Specifically, petitioner communicated with an individual named Smoke to have a package sent to another inmate and, when such package was received at the facility, it was opened and found to contain soup cans with marihuana secreted inside. As a result, petitioner was charged in a misbehavior report with smuggling, conspiring to bring drugs into the facility, violating facility package

procedures and making three-way telephone calls.  Following a tier III disciplinary hearing, he was found guilty of the charges.  The determination was later upheld on administrative appeal with a modified penalty, and this CPLR article 78 proceeding ensued.

Initially, respondent concedes that that part of the determination finding petitioner guilty of making three-way telephone calls is not supported by substantial evidence.  Upon reviewing the record, we agree and annul that part of the determination, as the misbehavior report based this charge upon a purported third-party telephone call that petitioner made to an individual named Smoke, but the investigator who prepared the report testified that petitioner communicated directly with this individual.  We reach a different conclusion, however, with respect to that part of the determination finding petitioner guilty of smuggling, conspiring to bring drugs into the facility and violating facility package procedures as the detailed misbehavior report, related documentation, hearing testimony and confidential information considered by the Hearing Officer in camera provide substantial evidence of petitioner's guilt thereof (see Matter of Adams v Fischer, 116 AD3d 1269, 1270 [2014]; Matter of Scivolette v Prack, 102 AD3d 1024, 1024 [2013]).  Nevertheless, insofar as a loss of good time was originally imposed, the matter must be remitted to respondent for an administrative redetermination of the penalty on the remaining charges (see Matter of Cooper v Fischer, 89 AD3d 1336, 1337 [2011]; Matter of Osorio v Fischer, 87 AD3d 1206, 1207 [2011]).

Contrary to petitioner's claim, the misbehavior report was sufficiently detailed to provide him with adequate notice of the charges to enable him to prepare a defense (see Matter of Zimmerman v Annucci, 139 AD3d 1205, 1206 [2016]; Matter of Cognata v Fischer, 85 AD3d 1456, 1457 [2011]).  Likewise, he was not improperly denied documentation that was confidential in nature (see Matter of Martin v Fischer, 109 AD3d 1026, 1027 [2013]; Matter of Matthews v Fischer, 95 AD3d 1529, 1530 [2012]).  Furthermore, upon reviewing the record, we find no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Linares v Fischer, 119 AD3d 1300, 1301 [2014], lv denied 24 NY3d 909 [2014]; Matter

of Adams v Fischer, 116 AD3d at 1270).  We have considered petitioner's remaining contentions and find them to be unpersuasive.

        Peters, P.J., Garry, Rose, Devine and Mulvey, JJ., concur.


        ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of making three-way telephone calls and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references to this charge from petitioner's institutional record and matter remitted for an administrative redetermination of the penalty on the remaining violations; and, as so modified, confirmed.


                        ENTER:

                        Robert D. Mayberger
                        Clerk of the Court