*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    November 10, 2016                    522443
_____

In the Matter of TERRY LAWS,
                    Petitioner,
        v                                        MEMORANDUM AND JUDGMENT

NEW YORK STATE DEPARTMENT OF
    CORRECTIONAL SERVICES AND
    COMMUNITY SUPERVISION,
                    Respondent.
_____

Calendar Date:   September 20, 2016

Before:   McCarthy, J.P., Egan Jr., Rose, Devine and Aarons, JJ.

_____

        Terry Laws, Beacon, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision finding petitioner guilty of violating
certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with
unauthorized exchange and possession of gang-related material
after a correction officer observed petitioner pass something to
a fellow inmate which, following a frisk of both inmates, proved
to be informational materials regarding membership in a specified
gang.  At the conclusion of a tier III disciplinary hearing,
petitioner was found guilty of both charges and, other than a
modification of the penalty imposed, that determination was

affirmed upon administrative appeal.  This CPLR article 78 proceeding ensued.

We confirm.  Contrary to petitioner's contention, the misbehavior report, gang-related material and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Canty v Prack, 122 AD3d 1054, 1054 [2014]; Matter of Kimbrough v Fischer, 96 AD3d 1256, 1257 [2012]; Matter of James v Poole, 52 AD3d 1083, 1084 [2008], lv denied 11 NY3d 710 [2008]).  Although petitioner and the other inmate involved denied that petitioner passed anything when they shook hands, the correction officer who authored the misbehavior report testified that he saw the other inmate place something in his right front pocket after the handshake, which is where the gang-related material was found during the frisk.  In any event, any conflicts or inconsistencies in the testimony presented a credibility issue for the Hearing Officer to resolve (see Matter of Canty v Prack, 122 AD3d at 1055; Matter of Gioe v Selsky, 269 AD2d 644, 645 [2000]).  We have reviewed petitioner's remaining contentions and find them to be without merit.

McCarthy, J.P., Egan Jr., Rose, Devine and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court