■ In the Matter of NACHE AFRIKA, Petitioner, v J.A. BLACKMAN, as Correction Officer at Elmira Correctional Facility, et al., Respondents. [53 NYS3d 221]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Superintendent of Elmira Correctional Facility finding petitioner guilty of violating a prison disciplinary rule.

When petitioner returned to the gallery where his cell was located, he was observed carrying two televisions wrapped in towels in a net bag. The televisions had other inmates' identification numbers on them, and petitioner did not have a permit to possess them. He was charged in a misbehavior report with unauthorized exchange and, following a tier II disciplinary hearing, he was found guilty and a penalty of counseling was imposed. The determination was upheld on administrative appeal, and this CPLR article 78 proceeding ensued.

The misbehavior report and petitioner's testimony at the hearing provide substantial evidence to support the determina-

tion of guilt (*see Matter of Laws v New York State Dept. of Corr. Servs. & Community Supervision,* 144 AD3d 1290, 1291 [2016]; *Matter of Linares v Fischer,* 119 AD3d 1300, 1301 [2014], *lv denied* 24 NY3d 909 [2014]). Petitioner admitted that he took possession of the televisions from an inmate who wanted petitioner to give them to another inmate. While he claimed that he did not know what was in the bag and that a correction officer had observed the exchange, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of A'Gard v LaValley,* 104 AD3d 1031, 1031 [2013]; *Matter of Harrison v Bertone,* 51 AD3d 1350, 1350 [2008]). Contrary to his contention, he was properly charged under rule 113.15 and it was not necessary that his personal ownership of the televisions be established, as this rule is violated where, as here, there is an "exchange [of] a personally owned article without authorization" (7 NYCRR 270.2 [B] [14] [v]). Further, while there are some notable gaps in the hearing transcript, petitioner's account of the incident, as well as his defense and arguments regarding the charge, are apparent, and the gaps in the transcript are not so significant as to preclude meaningful judicial review (*see Matter of Belle v Prack,* 140 AD3d 1509, 1510 [2016]; *Matter of Bailey v Prack,* 140 AD3d 1508, 1509 [2016], *lv denied* 28 NY3d 904 [2016]). Petitioner's remaining contentions, to the extent they are preserved for our review, also lack merit.

Peters, P.J., McCarthy, Devine, Clark and Mulvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.