■ In the Matter of ORLANDO PILETAS, Petitioner, v DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [54 NYS3d 343]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

After a sample of petitioner's urine twice tested positive for the presence of opiates, he was charged in a misbehavior report with using a controlled substance. This prompted correction officials to conduct a search of petitioner's cell, where five pills of unknown origin were found on top of his locker. When asked to identify them, petitioner stated that they were ibuprofen, but a facility nurse identified them as a prescription medication that had not been prescribed to petitioner. Consequently, petitioner was charged in a second misbehavior report with possessing unauthorized medication, possessing a controlled substance, making a false statement and smuggling. Following a combined tier III disciplinary hearing, he was found guilty of all of the charges. Thereafter, the penalty was modified and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Initially, respondent concedes and we agree that the part of the determination finding petitioner guilty of possessing a controlled substance and possessing unauthorized medication is not supported by substantial evidence given that the chain of custody of the confiscated pills was never established (*see* 7 NYCRR 1010.4 [b]) and the documentation requirements necessary to support these charges (*see* 7 NYCRR 1010.5) were not satisfied (*see Matter of Sanabria v Annucci*, 123 AD3d 1328, 1329 [2014]). Such requirements, however, are not applicable to the charge of smuggling (*see* 7 NYCRR 270.2 [B] [15] [i]; *Matter of Quartieri v New York State Dept. of Correctional Servs.*, 70 AD3d 1071, 1072 [2010]; *Matter of James v Fischer*, 57 AD3d 1064, 1065 [2008]), and we find that they are also not applicable to the charge of making a false statement (*see* 7 NYCRR 270.2 [B] [8] [iii]). As for that part of the determination finding petitioner guilty of these charges, we conclude that it is supported by substantial evidence consisting of the misbehavior report, related documentation, admissions made by petitioner during the hearing and the testimony of the facility nurse (*see Matter of Sanchez v Fischer*, 106 AD3d 1361, 1361 [2013]; *Matter of Lopez v Fischer*, 91 AD3d 1223, 1224

[2012]).* As annulment of a portion of the determination is warranted and given that a loss of good time was imposed, the matter must be remitted to the Commissioner of Corrections and Community Supervision for a redetermination of the penalty on the remaining charges (*see Matter of Davis v Annucci,* 140 AD3d 1432, 1433 [2016], *appeal dismissed* 28 NY3d 1109 [2016]; *Matter of Tafari v Annucci,* 137 AD3d 1356, 1357 [2016]). Furthermore, notwithstanding the gap in the transcript indicating that a portion of the hearing was not electronically transcribed, we find that meaningful review of the limited arguments raised by petitioner is not precluded (*see Matter of Afrika v Blackman,* 149 AD3d 1369, 1370 [2017]; *Matter of Legeros v Annucci,* 147 AD3d 1175, 1176 [2017]). Petitioner's remaining contentions have been considered and are lacking in merit.

McCarthy, J.P., Egan Jr., Rose, Devine and Aarons, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing a controlled substance and possessing unauthorized medication, and imposed a penalty; petition granted to that extent, the Commissioner of Corrections and Community Supervision is directed to expunge all references to these charges from petitioner's institutional record and matter remitted to the Commissioner of Corrections and Community Supervision for a redetermination of the penalty on the remaining violations; and, as so modified, confirmed.

---

* Petitioner does not challenge the sufficiency of the evidence supporting that part of the determination finding him guilty of using a controlled substance as charged in the first misbehavior report.