In the Matter of LAMONT A. HOLMES, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [56 NYS3d 900]—

Proceeding pursuant to CPLR article 78 (transferred to this

Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Upon arriving at the correctional facility in which petitioner was confined, an individual attempting to visit him was escorted into a room and interviewed by investigators from the Department of Corrections and Community Supervision. During the course of that interview, the visitor voluntarily surrendered three balloons containing 20 Suboxone strips and 9.8 grams of synthetic marihuana that were hidden in her undergarment. As a result, petitioner was charged in a misbehavior report with soliciting another individual to smuggle drugs into the facility, violating visiting room procedures, violating the inmate phone system and conspiring to possess drugs. Following a tier III disciplinary hearing, petitioner was found not guilty of violating the inmate phone system and guilty of the remaining charges. The determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and hearing testimony, as well as the confidential documentation, unusual incident report and taped telephone conversations submitted for our in camera review, provide substantial evidence to support the determination of guilt (*see Matter of Zimmerman v Annucci*, 139 AD3d 1205, 1206 [2016]; *Matter of Maletta v Amoia*, 122 AD3d 962, 963 [2014]). Although petitioner denied conspiring with and soliciting the visitor to smuggle drugs into the facility, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Austin v Annucci*, 145 AD3d 1263, 1264 [2016]; *Matter of Oliver v Fischer*, 107 AD3d 1268, 1269 [2013]). The fact that petitioner was not found to be in possession of any controlled substances does not negate his guilt, as a violation of the applicable rules occurred when petitioner conspired to introduce such items into the facility (*see Matter of Welch v Fischer*, 121 AD3d 1139, 1140 [2014]; *Matter of Rodriguez v Fischer*, 120 AD3d 855, 856 [2014]; *see also* 7 NYCRR 270.2 [B] [14] [xv]; 270.3 [b] [2]). Furthermore, petitioner's challenge to the drug testing procedures and proper identification of the substances is irrelevant with respect to the charges of conspiracy and solicitation, and, in any event, the visitor admitted that the substances were synthetic marihuana and Suboxone strips (*see Matter of Maletta v Amoia*, 122 AD3d at 963; *Matter of Quartieri v New York State Dept. of Correctional Servs.*, 70 AD3d 1071, 1072 [2010]; *cf. Matter of McCaskell v Rodriguez*, 148 AD3d 1407, 1408 [2017]; *Matter of Oliver v Fischer*, 107

AD3d 1268, 1269 [2013]). Petitioner's remaining contentions, to the extent that they are properly before us, have been considered and found to be without merit.

Peters, P.J., Lynch, Rose, Mulvey and Aarons, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.