Matter of Devaughn v Annucci (2018 NY Slip Op 00509)





Matter of Devaughn v Annucci


2018 NY Slip Op 00509


Decided on January 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 25, 2018

525244

[*1]In the Matter of ALEX DEVAUGHN, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: December 13, 2017

Before: Garry, P.J., McCarthy, Devine, Aarons and Pritzker, JJ.


Alex Devaughn, Alden, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Victor Paladino of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Following an investigation, correction officials learned that petitioner was involved in a scheme to have outside visitors, including his wife, bring drugs into the correctional facility for sale to other inmates. In furtherance of this scheme, he used other inmates' personal identification numbers to make telephone calls and his wife purportedly forwarded calls to third parties. The investigation revealed that approximately $10,000 had been sent by multiple inmates to the addresses of persons affiliated with petitioner during the relevant time period. Petitioner was accordingly charged in a misbehavior
report with conspiring to smuggle contraband, drug possession, engaging in third-party calls, violating visitation procedures, violating facility telephone procedures and exchanging personal identification numbers. He was found guilty of the charges following a tier III disciplinary hearing, and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
Initially, respondent concedes, and we agree, that the part of the determination finding petitioner guilty of engaging in third-party calls and exchanging personal identification numbers is not supported by substantial evidence and must be annulled (see Matter of Bailey v Annucci, 142 AD3d 1195, 1195 [2016]; Matter of Johnson v Fischer, 100 AD3d 1356, 1357 [2012]). In [*2]light of the fact that a loss of good time was imposed, we remit the matter to petitioner for a redetermination of the penalty on the remaining violations (see Matter of Bailey v Annucci, 142 AD3d at 1196; Matter of Osorio v Fischer, 87 AD3d 1206, 1207 [2011]).
Substantial evidence, consisting of the detailed misbehavior report, testimony of its author relating to his investigation and the telephone calls he monitored, as well as the confidential testimony and documentation considered by the Hearing Officer in camera, supports the finding of guilt with regard to the remaining charges (see Matter of Safford v Annucci, 144 AD3d 1271, 1272 [2016], lv denied 29 NY3d 901 [2017]; Matter of Kirshtein v Bezio, 79 AD3d 1497, 1498 [2010]). Inasmuch as "a violation of the applicable rule[] occurred when petitioner conspired to introduce [the drugs] into the facility," the fact that his wife did not visit petitioner, as expected, does not negate the finding that he violated visitation procedures (Matter of Holmes v Annucci, 153 AD3d 1004, 1005 [2017]; see Matter of Harris v Annucci, 145 AD3d 1293, 1294 [2016]). Additionally, the Hearing Officer was not required to disclose the confidential information that he considered (see Matter of Bailey v Annucci, 142 AD3d at 1196; Matter of Johnson v Fischer, 100 AD3d at 1357). Our review also confirms that the misbehavior report, which was based on the results of a six-month investigation, provided petitioner with sufficient notice of the charges to enable him to prepare a defense (see Matter of Bernard v Annucci, 148 AD3d 1448, 1448 [2017]; Matter of Bailey v Annucci, 142 AD3d at 1196). Furthermore, there is no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Safford v Annucci, 144 AD3d at 1272-1273; Matter of Williams v Goord, 23 AD3d 872, 873 [2005]).
Garry, P.J., McCarthy, Devine, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of making third-party telephone calls and exchanging personal identification numbers and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references to these charges from petitioner's institutional record and matter remitted to respondent for an administrative redetermination of the penalty imposed upon the remaining violations; and, as so modified, confirmed.