Matter of Adams v Annucci (2018 NY Slip Op 02868)





Matter of Adams v Annucci


2018 NY Slip Op 02868


Decided on April 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018

525633

[*1]In the Matter of MARQUIS ADAMS, Petitioner,
v
ANTHONY J. ANNUCCI, As Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: March 2, 2018

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ.


Marquis Adams, Dannemora, petitioner pro se
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
During an inspection of the prison visitor processing center where petitioner was incarcerated, a State Police K-9 dog alerted to the presence of drugs in a purse belonging to petitioner's wife, his registered visitor, and 57.5 grams of a green, leafy substance identified as synthetic marihuana were discovered in latex glove finger tips therein. The wife was arrested for promoting prison contraband and possession of synthetic marihuana. The wife admitted that she was there to visit petitioner, and petitioner admitted that it had been his idea to smuggle drugs into the facility and that he had coerced
her into doing so. Petitioner was thereafter charged in a misbehavior report with smuggling and conspiracy to introduce drugs into the facility. Following a tier III disciplinary hearing, petitioner was found guilty of the charges and a penalty was imposed. That determination was upheld upon administrative appeal with a reduced penalty, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, the investigating officer's testimony and the related documentary evidence provide substantial evidence to support the determination (see Matter of Cruz v Annucci, 155 AD3d 1205, 1206 [2017]; Matter of Holmes v Annucci, 153 AD3d 1004, 1005 [2017]). The state trooper conducting the inspection identified the substance as synthetic marihuana based upon his experience and training, and the wife admitted as much. [*2]Although at the hearing petitioner and his wife denied that he had conspired with her to smuggle the drugs or coerced her to do so and she claimed that the drugs were for her own "personal" use, this presented a credibility issue that the Hearing Officer resolved against petitioner (see Matter of Holmes v Annucci, 153 AD3d at 1005). Contrary to petitioner's claims, it was not necessary that he actually possess or succeed in smuggling drugs into the facility, as he violated the applicable rules by conspiring to introduce and attempting to smuggle drugs (see 7 NYCRR 270.2 [B] [14] [xv]; [15] [i]; Matter of Holmes v Annucci, 153 AD3d at 1005). As to petitioner's challenge to the basis for identifying the substance, the trooper identified the substance as synthetic marihuana, and the requirements of 7 NYCRR 1010.5 are not applicable to charges of smuggling or conspiracy (see Matter of Piletas v Venettozzi, 151 AD3d 1444, 1445 [2017]; Matter of Quartieri v New York State Dept. of Correctional Servs., 70 AD3d 1071, 1072 [2010]). Petitioner's remaining contentions have been considered and, to the extent that they are preserved, they lack merit.
Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.