Matter of Shamberger v Annucci (2019 NY Slip Op 00658)





Matter of Shamberger v Annucci


2019 NY Slip Op 00658


Decided on January 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 31, 2019

526872

[*1]In the Matter of LEWIS SHAMBERGER, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: January 4, 2019

Before: Garry, P.J., Lynch, Mulvey, Devine and Rumsey, JJ.


Lewis Shamberger, Dannemora, petitioner pro se.
Letitia James, Attorney General, Albany (Julie M. Sheridan of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Upon the arrival of a woman who sought to visit petitioner at the correctional facility in which he was imprisoned, she was questioned by investigators and voluntarily surrendered eight latex glove balls filled with 28.5 grams of a "green/brown loose vegetation" that was later identified as synthetic marihuana. She admitted that, as a result of petitioner's request during a prior prison visit, she intended to smuggle the synthetic marihuana into the facility and give it to petitioner to sell and distribute to other inmates. Given the foregoing, petitioner was charged in a misbehavior report with possessing drugs, violating facility visitation procedures, smuggling and possessing an intoxicant. Following a tier III prison disciplinary hearing, petitioner was found not guilty of possessing an intoxicant and guilty of conspiring to possess drugs, violating facility visitation procedures and smuggling. On administrative review, that determination was upheld, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and hearing testimony from the author of that report, as well as the confidential documentation and photograph of the synthetic marihuana submitted for our in camera review, provide substantial evidence to support the determination of guilt (see Matter of Bachiller v Annucci, 166 AD3d 1186, 1186 [2018]; Matter of Cruz v Annucci, 155 AD3d 1205, 1206 [2017]; Matter of Holmes v Annucci, 153 AD3d 1004, 1005 [2017]). Contrary to petitioner's claims, it was not necessary that he actually possess or succeed in smuggling drugs into the facility, as the standards of inmate behavior were violated when petitioner "conspire[d] with [another] person to introduce [synthetic marihuana] into the facility" (7 NYCRR 270.2 [B] [14] [xv]; see Matter of Bachiller v Annucci, 166 AD3d at 1187; Matter of Adams v Annucci, 160 AD3d 1331, 1332 [2018]; Matter of Holmes v Annucci, 153 AD3d at [*2]1005). Although petitioner denied conspiring with and soliciting his visitor to smuggle drugs into the facility, such claims presented credibility issues for the Hearing Officer to resolve (see Matter of Bachiller v Annucci, 166 AD3d at 1187; Matter of Hobson v New York State Dept. of Corr. & Community Supervision, 159 AD3d 1186, 1187 [2018], lv denied 31 NY3d 912 [2018]).
As for petitioner's challenge to the basis for identifying the substance seized as synthetic marihuana, "the requirements of 7 NYCRR 1010.5 are not applicable to charges of smuggling or conspiracy [to possess drugs]" (Matter of Adams v Annucci, 160 AD3d at 1332; see Matter of Piletas v Venettozzi, 151 AD3d 1444, 1445 [2017]; Matter of Harrison v Fischer, 104 AD3d 1032, 1033 [2013]). Petitioner's remaining contentions, including that he received inadequate employee assistance, have been considered and, to the extent that they are preserved, found to lack merit.
Garry, P.J., Lynch, Mulvey, Devine and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.