Matter of Rivera v Annucci (2022 NY Slip Op 01500)





Matter of Rivera v Annucci


2022 NY Slip Op 01500


Decided on March 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 10, 2022

533642
[*1]In the Matter of Alex Rivera, Petitioner,
v
Anthony J. Annucci, as Acting Commr. of Corr. & Community Supervision, Respondent.

Calendar Date:February 4, 2022

Before:Garry, P.J., Egan Jr., Clark, Aarons and Colangelo, JJ.

Alex Rivera, Woodbourne, petitioner pro se.
Letitia James, Attorney General, Albany (Dustin J. Brockner of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
During the course of a confidential investigation, an investigator with the Department of Corrections and Community Supervision's Office of Special Investigations listened to the recordings of three telephone calls between petitioner, an incarcerated individual, and his brother. According to the investigator, the calls indicated that petitioner was conspiring to smuggle synthetic marihuana into the correctional facility in which he was incarcerated. As a result, petitioner was charged in a misbehavior report with smuggling and conspiring to possess drugs. Following a tier III disciplinary hearing, petitioner was found guilty as charged. This determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. Contrary to petitioner's contention, the misbehavior report, the testimony of the investigator who authored it and the recorded telephone conversations demonstrating petitioner's solicitation of synthetic marihuana using coded language provide substantial evidence supporting the determination of guilt (see Matter of Harrison v Fischer, 104 AD3d 1032, 1032 [2013]; Matter of Randall v Fischer, 94 AD3d 1302, 1302 [2012]). Although petitioner denied soliciting his brother to smuggle drugs into the facility, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Bachiller v Annucci, 166 AD3d 1186, 1187 [2018]; Matter of Holmes v Annucci, 153 AD3d 1004, 1005 [2017]). Petitioner's argument that he never possessed synthetic marihuana or had it smuggled into the facility is unavailing, as the violation of the applicable rules "occurred when petitioner conspired to introduce such substance into the facility" (Matter of Liggan v Annucci, 171 AD3d 1325, 1326 [2019] [internal quotation marks, brackets and citations omitted]; see Matter of Adams v Annucci, 160 AD3d 1331, 1332 [2018]).
We reject petitioner's contention that the Hearing Officer improperly relied on confidential information in finding him guilty. Although the confidential information led to the investigation of petitioner, the determination of guilt resulted from the recorded telephone conversations made in the course of the investigation, rather than any confidential information (see Matter of Douglas v Fischer, 126 AD3d 1244, 1245 [2015], lv denied 26 NY3d 904 [2015]; Matter of Mullady v Bezio, 87 AD3d 765, 766 [2011]). Finally, although the first page of the hearing disposition form incorrectly indicates that the hearing ended on July 27, 2020, rather than the correct ending date of August 7, 2020, we are unpersuaded by petitioner's contention that the Hearing Officer had predetermined his guilt. The remainder of the form, including the statement of evidence relied on by [*2]the Hearing Officer in rendering her disposition, contains the proper end date of the hearing and references evidence presented over all three days of the hearing. Accordingly, and in light of the lack of any indication in the record that the Hearing Officer had predetermined petitioner's guilt or that the determination of guilt flowed from any bias, we find the clerical error on the form was harmless and that petitioner was therefore not denied a fair hearing (see Matter of Walton v Annucci, 181 AD3d 1085, 1087 [2020]; Matter of Campos v New York State Dept. of Corr. & Community Supervision, 159 AD3d 1254, 1255 [2018]). Petitioner's remaining claims have been reviewed and found to be without merit.
Garry, P.J., Egan Jr., Clark, Aarons and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.