Matter of Wald v Annucci (2022 NY Slip Op 06211)

Matter of Wald v Annucci

2022 NY Slip Op 06211

Decided on November 3, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 3, 2022

534893
[*1]In the Matter of Eric D. Wald, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:October 7, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Fisher, JJ.

Eric D. Wald, Ballston Lake, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
During an investigation by the Department of Corrections and Community Supervision's Office of Special Investigations, Narcotics Unit, two telephone conversations between petitioner and an unidentified person were recorded. Based upon these conversations, it was determined that petitioner conspired to smuggle synthetic cannabinoids into the correctional facility in which he was incarcerated. As a result, petitioner was charged in a misbehavior report with smuggling, conspiring to introduce drugs into the facility, possession of contraband, violating facility correspondence procedures and violating facility telephone procedures. Following a tier III disciplinary hearing, petitioner was found guilty as charged. That determination was affirmed upon administrative review and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, the testimony of the investigating officer who authored the report and the recorded telephone calls demonstrating that petitioner used coded language to solicit the synthetic cannabinoids provided substantial evidence to support the determination of guilt (see Matter of Rivera v Annucci, 203 AD3d 1371, 1371 [3d Dept 2022]; Matter of Bachiller v Annucci, 166 AD3d 1186, 1186 [3d Dept 2018]). Although petitioner denied conspiring to smuggle drugs into the facility, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Rivera v Annucci, 203 AD3d at 1371; Matter of Holmes v Annucci, 153 AD3d 1004, 1005 [3d Dept 2017]). Petitioner's argument that he never possessed the synthetic cannabinoids is unavailing, as "an attempt to violate institutional rules is punishable to the same degree as violations of such rules" (Matter of Simpson v Rodriguez, 149 AD3d 1448, 1449 [3d Dept 2017] [internal quotation marks, brackets and citation omitted], lv dismissed 30 NY3d 1057 [2018]; see Matter of Liggan v Annucci, 171 AD3d 1325, 1326 [3d Dept 2019]).
Egan Jr., J.P., Lynch, Aarons, Pritzker and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.