*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 26, 2017                 522807
_____

In the Matter of TIMOTHY J.
    WENDELL,
                        Petitioner,

        v
                                          MEMORANDUM AND JUDGMENT
ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  November 29, 2016

Before:  Egan Jr., J.P., Lynch, Rose, Clark and Mulvey, JJ.

_____

        Timothy J. Wendell, Collins, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

        During the course of an investigation, correction officials learned that petitioner was involved in a plan with another inmate to have the inmate's fiancée send a package containing synthetic marihuana to petitioner at the correctional facility. The fiancée subsequently gave a statement to correction officials admitting that she had sent a package to petitioner that contained synthetic marihuana.  As a result, petitioner was charged in a misbehavior report with conspiring to bring drugs into the facility and smuggling.  He was found guilty of the

charges following a tier III disciplinary hearing. On administrative appeal, the former charge was dismissed, but that part of the determination finding petitioner guilty of smuggling was upheld with a modified penalty. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, testimony of the investigator who authored it and confidential statement given by the fiancée provide substantial evidence supporting the determination of guilt (see Matter of Safford v Annucci, 144 AD3d 1271, 1272 [2016]; Matter of Hicks v Goord, 35 AD3d 1000, 1000-1001 [2006], lv denied 8 NY3d 806 [2007]). The fact that petitioner was not actually found to be in possession of synthetic marihuana does not negate the determination (see e.g. Matter of Zimmerman v Annucci, 139 AD3d 1205, 1206 [2016]; Matter of Booker v Fischer, 102 AD3d 1045, 1046 [2013]). Furthermore, although petitioner contends that he was improperly denied a copy of the confidential statement, the Hearing Officer read the statement into the record at the hearing and petitioner was sufficiently apprised of its contents. We have reviewed petitioner's remaining arguments and find that they are either unpreserved for our review or are lacking in merit.

Egan Jr., J.P., Lynch, Rose, Clark and Mulvey, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court