Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
 

 Upon arriving at the correctional facility where petitioner was incarcerated, one of petitioner’s registered visitors was detained and interviewed by an investigator from the Department of Corrections and Community Supervision. During the course of that interview, the visitor surrendered two condoms containing approximately 60 grams of a leafy substance identified—by both the visitor and the investigator—as synthetic marihuana. As a result, petitioner was charged in a misbehavior report with soliciting another to smuggle contraband, smuggling, violating facility telephone procedures and violating facility visiting procedures. A tier III disciplinary hearing ensued, at the conclusion of which petitioner was found guilty of the charges and a penalty was imposed. The determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.
 

 We confirm. The misbehavior report, the authoring investigator’s testimony and the related documentary evidence provide substantial evidence to support the determination (see Matter of Holmes v Annucci, 153 AD3d 1004, 1005 [2017]; Matter of Wendell v Annucci, 146 AD3d 1258, 1259 [2017]). Specifically, such proof established that, upon arriving at the facility, petitioner’s visitor surrendered a substance that she identified as synthetic marihuana to the author of the misbehavior report and, further, admitted that she had conspired with petitioner during various telephone conversations to smuggle that substance into the facility. “The fact that petitioner was not actually found to be in possession of synthetic marihuana does not negate the determination” (Matter of Wendell v Annucci, 146 AD3d at 1259 [citations omitted]), as “an attempt to violate institutional rules is punishable to the same degree as violations of such rules” (Matter of Simpson v Rodriguez, 149 AD3d 1448, 1449 [2017] [internal quotation marks, brackets and citation omitted]).
 

 Petitioner’s procedural objections relative to the misbehavior report are equally unpersuasive. The author of the misbehavior report testified that she issued a corrected misbehavior report to rectify a clerical error (cf. Matter of Albornoz-Sinisterra v Smith, 95 AD3d 1581, 1582 [2012]), and the record reflects both that petitioner was provided with a copy of the corrected report at the hearing and that he was afforded sufficient time to review it and prepare a defense (see Matter of McMaster v Annucci, 138 AD3d 1289, 1290 [2016], lv denied 28 NY3d 902 [2016]; cf. Matter of McClain v Venettozzi, 146 AD3d 1264, 1265 [2017]). Contrary to petitioner’s assertion, the specific rule violations referenced in the misbehavior report and the corresponding description of the incident were sufficient to place him on notice of the charges against him (see Matter of Harris v Annucci, 148 AD3d 1385, 1385 [2017]; Matter of Legeros v Annucci, 147 AD3d 1175, 1176 [2017]). Petitioner’s remaining contentions have been examined and found to be lacking in merit.
 

 Garry, J.P., Egan Jr., Devine, Rumsey and Pritzker, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.