Matter of Liggan v Annucci (2019 NY Slip Op 02765)





Matter of Liggan v Annucci


2019 NY Slip Op 02765


Decided on April 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 11, 2019

527003

[*1]In the Matter of STACY LIGGAN, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: March 15, 2019

Before: Egan Jr., J.P., Clark, Devine, Aarons and Pritzker, JJ.


Stacy Liggan, Dannemora, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with smuggling, conspiracy to possess drugs, possession of contraband, violating telephone program procedures, violating facility visiting procedures and participating in third-party phone calls. The charges were lodged after a quantity of a green leafy substance was found in a vehicle driven to the correctional facility by petitioner's wife when she attempted to visit petitioner. Following a tier III disciplinary hearing, petitioner was found guilty of smuggling, conspiracy to possess drugs, possession of contraband, violating telephone program procedures and violating facility visiting procedures and not guilty of participating in third-party phone calls, and a penalty was imposed. Upon discretionary review, the penalty was modified. The disciplinary determination, together with the modified penalty, was affirmed upon petitioner's administrative appeal, and this CPLR article 78 proceeding ensued.
The misbehavior report, the testimony of its author regarding the recorded phone conversations between petitioner and his wife and the subsequent search of the wife's vehicle, the unusual incident report and attached documentation and photographs, which petitioner acknowledged receiving, the testimony of petitioner's wife, who conceded that marihuana was found in her vehicle, her confidential written statement and petitioner's admission that he asked his wife to bring something into the facility that he knew he should not possess provide substantial evidence to support the sustained charges (see Matter of Shamberger v Annucci, 168 AD3d 1336, 1336 [2019]; Matter of Bachiller v Annucci, 166 AD3d 1186, 1186 [2018]; Matter of Devaughn v Annucci, 157 AD3d 1182, 1183 [2018]). Contrary to petitioner's assertion, the fact that he did not actually possess the marihuana and/or succeed in having it smuggled into the [*2]facility is of no moment, "as a violation of the applicable rules occurred when petitioner conspired to introduce such [substance] into the facility" (Matter of Holmes v Annucci, 153 AD3d 1004, 1005 [2017]; see Matter of Adams v Annucci, 160 AD3d 1331, 1332 [2018]; Matter of Cruz v Annucci, 155 AD3d 1205, 1206 [2017]). Additionally, any inconsistencies between the unusual incident report and the investigator's testimony presented factual and credibility issues for the Hearing Officer to resolve (see Matter of Bekka v Annucci, 168 AD3d 1334, 1335 [2019]; Matter of Fuller v Annucci, 167 AD3d 1133, 1134 [2018]).
Petitioner's assertion the he was was denied his right to present documentary evidence at the hearing due to the Hearing Officer's refusal to provide petitioner with a copy of the wife's confidential written statement is unpersuasive. Petitioner's wife testified at the disciplinary hearing and was questioned regarding both the incident and the statement that she provided. As the substance of the wife's statement was reflected in the hearing testimony itself (see Matter of Hobson v New York State Dept. of Corr. & Community Supervision, 159 AD3d 1186, 1186 [2018], lv denied 31 NY3d 912 [2018]), we are satisfied that petitioner was "sufficiently apprised" of the contents of the statement to enable him to prepare a defense (Matter of Wendell v Annucci, 146 AD3d 1258, 1259 [2017]). Finally, although there are gaps in the hearing transcript, they are not so pervasive as to preclude meaningful review (see Matter of Hobson v New York State Dept. of Corr. & Community Supervision, 159 AD3d at 1186), and nothing in the record suggests — as petitioner now claims — that the Hearing Officer failed to electronically record the entire hearing as required by 7 NYCRR 254.6 (a) (2). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Clark, Devine, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.