Matter of Robinson v Annucci (2021 NY Slip Op 05058)





Matter of Robinson v Annucci


2021 NY Slip Op 05058


Decided on September 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 23, 2021

532750
[*1]In the Matter of John Robinson, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:September 3, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Colangelo, JJ.

John Robinson, Ossining, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Upon arriving at the correctional facility in which petitioner was confined, an individual attempting to visit him was sniffed by an Office of Special Investigations K-9 dog, which alerted facility staff to the presence of drugs on that individual. During an ensuing interview with an investigator from the Office of Special Investigations, the visitor voluntarily surrendered a black electric-taped bundle containing 10 grams of a green leafy vegetation that tested positive for synthetic cannabinoids.[FN1] As a result of this incident, as well as a recorded phone call between petitioner and the visitor on the previous day, petitioner was charged in a misbehavior report with possessing drugs, violating facility visiting procedures, smuggling and violating facility telephone procedures. Shortly thereafter, a strip frisk of petitioner revealed a $50 bill taped to the side of petitioner's penis, and petitioner was charged in a second misbehavior report with smuggling and possessing unauthorized money. Following a combined tier III disciplinary hearing on both misbehavior reports, petitioner was found guilty of the charges, and a penalty was imposed. Upon review by the superintendent, the penalty was reduced. Upon administrative review by respondent, the charge of violating facility telephone procedures was dismissed, and the determination of guilt as to the remaining charges was affirmed with no change to the previously-reduced penalty. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior reports, hearing testimony, including the testimony from the authors of the misbehavior reports, and the unusual incident report and related documentary evidence provide substantial evidence to support the determination of guilt (see Matter of Adams v Annucci, 160 AD3d 1331, 1331 [2018]; Matter of Cruz v Annucci, 155 AD3d 1205, 1206 [2017]; Matter of Holmes v Annucci, 153 AD3d 1004, 1005 [2017]; Matter of Butler v Goord, 265 AD2d 715, 715 [1999]). It was not necessary that petitioner actually possess or succeed in smuggling drugs into the facility, as he violated the applicable rules by conspiring with the visitor to introduce and attempting to smuggle drugs (see 7 NYCRR 270.2 [B] [15] [i]; Matter of Holmes v Annucci, 153 AD3d at 1005). Moreover, contrary to petitioner's contention, the record reflects that, as the visitor was caught bringing drugs into the facility when attempting to visit petitioner, probable cause existed to conduct a strip search of petitioner (see Matter of Cole v Goord, 47 AD3d 1147, 1147 [2008]; Dept of Corr & Community Supervision Directive No. 4910 [III] [F] [June 28, 2020]).
Turning to petitioner's procedural contentions, the Hearing Officer did not improperly deny petitioner the right [*2]to call a particular sergeant as a witness, as petitioner failed to demonstrate how this requested witness would have provided relevant or nonredundant testimony regarding the determination of guilt (see Matter of Spencer v Annucci, 179 AD3d 1372, 1373 [2020]; Matter of Zielinski v Venettozzi, 177 AD3d 1047, 1047 [2019], affd 35 NY3d 1082 [2020]). We also reject petitioner's contention that the hearing was not completed in a timely manner, as "[t]he regulatory time requirements are directory, not mandatory, and petitioner has not demonstrated that he was prejudiced by the short delay in obtaining the extension" (Matter of Everett v Venettozzi, 170 AD3d 1408, 1409 [2019]; see Matter of Lopez v Annucci, 171 AD3d 1326, 1327 [2019]; Matter of Shearer v Annucci, 155 AD3d 1277, 1278 [2017]). Moreover, we do not find, in light of the number and seriousness of the violations of which petitioner was found guilty, that the modified penalty was "so shocking to one's sense of fairness as to be excessive" (Matter of Thompson v Fischer, 89 AD3d 1353, 1354 [2011] [internal quotation marks and citations omitted]; see Matter of Kelly v Safir, 96 NY2d 32, 38 [2001]). Petitioner's remaining contentions have been examined and found to be either unpreserved or without merit.
Garry, P.J., Egan Jr., Aarons, Pritzker and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: The visitor was taken into custody by State Police and charged with promoting prison contraband in the second degree and criminal possession of a controlled substance in the seventh degree.