Matter of Ketchmore v Annucci (2021 NY Slip Op 06131)





Matter of Ketchmore v Annucci


2021 NY Slip Op 06131


Decided on November 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 10, 2021

533088
[*1]In the Matter of Aaron Q. Ketchmore, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:October 8, 2021

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Aaron Q. Ketchmore, Elmira, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
After an incarcerated individual was observed with a five-inch laceration to his neck, the ensuing investigation, that included confidential information, resulted in petitioner being charged in a misbehavior report with assault, creating a disturbance, smuggling, violent conduct and possessing a weapon. Following a tier III disciplinary hearing, petitioner was found not guilty of smuggling, but guilty of the remaining charges. That determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, hearing testimony and confidential testimony considered by the Hearing Officer provide substantial evidence supporting the finding of guilt (see Matter of Mendez v Annucci, 155 AD3d 1146, 1147 [2017]; Matter of Mears v Venettozzi, 150 AD3d 1498, 1499 [2017], lv denied 30 NY3d 905 [2017]). Contrary to petitioner's assertion, the Hearing Officer's confidential interview with the correction officer who conducted the investigation and authored the misbehavior report was sufficiently detailed to independently assess the reliability of the confidential information (see Matter of Ortiz v Annucci, 163 AD3d 1383, 1384 [2018]; Matter of Johansel v Annucci, 155 AD3d 1147, 1148 [2017]). Finally, petitioner's denial of his involvement in the incident presented a credibility issue for the Hearing Officer to resolve (see Matter of Spencer v Annucci, 179 AD3d 1372, 1373 [2020]; Matter of Jones v Annucci, 156 AD3d 1093, 1094 [2017]).
Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.