Matter of James v Annucci (2022 NY Slip Op 00487)





Matter of James v Annucci


2022 NY Slip Op 00487


Decided on January 27, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 27, 2022

532956
[*1]In the Matter of Kyle James, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:December 30, 2021

Before:Garry, P.J., Egan Jr., Lynch, Clark and Reynolds Fitzgerald, JJ.

Kyle James, Napanoch, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
During a search of a visitor's bathroom within the facility, a correction officer discovered four latex gloves containing a green leafy substance hidden behind a soap dispenser, which later tested positive for synthetic cannabinoids. An investigation ensued, and the synthetic cannabinoids hidden behind the soap dispenser were replaced with "sham packs" covered with invisible ultraviolet ink. At the end of his porter duties, petitioner, along with other porters, were given a direct order to place their hands up for scanning with an ultraviolet light, and petitioner was found to have ultraviolet ink on his hands. As a result of the foregoing, petitioner was charged in a misbehavior report with possessing drugs and smuggling. Following a tier III disciplinary hearing, petitioner was found guilty of the charges. On administrative review, that determination was upheld, and this CPLR article 78 proceeding ensued.
Initially, respondent concedes, and our review of the record confirms, that the part of the determination finding petitioner guilty of possessing drugs is not supported by substantial evidence and must be annulled. Because the penalty has been served and no loss of good time was imposed, the matter does not need to be remitted for a redetermination of the penalty imposed on the remaining charge (see Matter of Daum v Sipple, 197 AD3d 1461, 1462 [2021]; Matter of Nix v Venettozzi, 196 AD3d 933, 933 [2021]). As for the remaining charge, we find that the misbehavior report and testimony at the hearing provide substantial evidence to support that part of the determination finding petitioner guilty of smuggling (see Matter of Robinson v Annucci, 197 AD3d 1453, 1454 [2021]; Matter of Cruz v Annucci, 155 AD3d 1205, 1206 [2017]). Although petitioner denied attempting to smuggle drugs into the facility, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Holmes v Annucci, 153 AD3d 1004, 1005 [2017]). "It was not necessary that petitioner actually possess or succeed in smuggling drugs into the facility, as he violated the applicable rules by . . . attempting to smuggle drugs" (Matter of Robinson v Annucci, 197 AD3d at 1454; see 7 NYCRR 270.2 [B] [15] [i]; Matter of Cruz v Annucci, 155 AD3d at 1206; Matter of Holmes v Annucci, 153 AD3d at 1005).
Turning to petitioner's procedural contentions, petitioner claims that the hearing was not completed in a timely manner because an extension was allegedly not obtained until three days after the hearing was to be completed; however, "petitioner has demonstrated no substantive prejudice in the minimal delay" (Matter of Borges v McGinnis, 307 AD2d 489, 490 [2003], lv denied 100 NY2d 514 [2003]; see Matter of Partak v Venettozzi, 175 AD3d [*2]1633, 1635 [2019]; Matter of Moise v Annucci, 168 AD3d 1337, 1338 [2019]). Petitioner also claims that the misbehavior report did not meet regulatory requirements because the correction officer who initially discovered the hidden synthetic cannabinoids behind the soap dispenser did not endorse the misbehavior report. This contention is without merit, as that correction officer's involvement was not relevant to the charge of smuggling, and, in any event, petitioner has not demonstrated any prejudice resulting from the lack of an endorsement by the subject correction officer (see Matter of Jones v Annucci, 166 AD3d 1174, 1176 [2018]; Matter of McDermott v Annucci, 142 AD3d 1210, 1211 [2016]). We have considered petitioner's remaining contentions and find that they are either unpreserved for our review or are lacking in merit.
Garry, P.J., Egan Jr., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing drugs; petition granted to that extent and respondent is directed to expunge all references to that charge from petitioner's institutional record; and, as so modified, confirmed.