Matter of Kelly v Mayes (2022 NY Slip Op 06208)

Matter of Kelly v Mayes

2022 NY Slip Op 06208

Decided on November 3, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 3, 2022

534658
[*1]In the Matter of Lorenzo Kelly, Petitioner,
v
R. Mayes, as Hearing Officer, et al., Respondents.

Calendar Date:October 7, 2022

Before:Garry, P.J., Egan Jr., Aarons, Fisher and McShan, JJ.

Lorenzo Kelly, Ossining, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with assaulting an incarcerated individual, fighting, refusing a direct order and engaging in violent conduct. According to the misbehavior report, a correction officer responded to a commotion on K-gallery and observed an incarcerated individual lying on the floor with blood running from a laceration on his head. The correction officer then observed the injured individual get up and run to petitioner's cell, where he and petitioner began exchanging closed-fist punches. The two did not comply with a correction officer's direct orders to stop fighting, requiring that force be used on the incarcerated individual to gain compliance. Following an investigation, the author concluded that the fight was initiated because petitioner had assaulted the incarcerated individual by striking him with an unrecovered, cutting-type weapon, causing the laceration to his head.
Following a tier III disciplinary hearing, petitioner was found guilty of all charges, except engaging in violent conduct. Other than a modification of the penalty imposed, that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. Contrary to petitioner's contention, the misbehavior report, related documentation, testimony at the hearing and confidential testimony provide substantial evidence to support the determination of guilt (see Matter of Ketchmore v Annucci, 199 AD3d 1150, 1150 [3d Dept 2021]; Matter of Garcia v Annucci, 154 AD3d 1246, 1247 [3d Dept 2017]). Even if the entire incident was not witnessed, "the circumstantial evidence and the reasonable inferences drawn therefrom provide a sufficient basis for a finding of guilt" (Matter of Fernandez v Annucci, 161 AD3d 1431, 1432 [3d Dept 2018] [internal quotation marks and citations omitted]). Further, petitioner's proffered testimony that he was not involved in the altercation presented a credibility issue for the Hearing Officer to resolve (see Matter of Lebron v New York State Dept. of Corr. & Community Supervision, 200 AD3d 1385, 1386 [3d Dept 2021]; Matter of Ketchmore v Annucci, 199 AD3d at 1150). To the extent that petitioner asserts that the Hearing Officer failed to independently assess the reliability and credibility of the confidential informant, it is not preserved for our review as petitioner did not raise this issue at the hearing or upon administrative appeal (see Matter of Jones v Annucci, 156 AD3d 1093, 1094 [3d Dept 2017]).
Turning to petitioner's procedural objections, although petitioner claims that the hearing was not timely completed because an extension was not granted until two days after the timeframe in which the hearing [*2]should have been completed, we note that "the regulatory time requirements are directory, not mandatory, and petitioner has not demonstrated that he was prejudiced by the short delay in obtaining the extension" (Matter of Robinson v Annucci, 197 AD3d 1453, 1454 [3d Dept 2021] [internal quotation marks, brackets and citation omitted]; see Matter of James v Annucci, 201 AD3d 1286, 1287 [3d Dept 2022]). As to petitioner's claim of inadequate employee assistance, the record reflects that all of the witnesses he requested testified and, at the hearing, he was provided all relevant documents that he requested (see Matter of Lopez v Annucci, 171 AD3d 1326, 1327-1328 [3d Dept 2019]). We have reviewed petitioner's remaining contentions and, to the extent they are preserved, find them to be without merit.
Garry, P.J., Egan Jr., Aarons, Fisher and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.