Matter of Hoyes v Annucci (2023 NY Slip Op 00468)

Matter of Hoyes v Annucci

2023 NY Slip Op 00468

Decided on February 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 2, 2023

535430
[*1]In the Matter of Terence Hoyes, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:January 6, 2023

Before:Garry, P.J., Egan Jr., Pritzker, Fisher and McShan, JJ.

Terence Hoyes, Otisville, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an incarcerated individual, was charged in a misbehavior report with engaging in violent conduct and assaulting an incarcerated individual. According to the misbehavior report, a correction officer observed an incarcerated individual run out of a facility bathroom and crash into the wall and garbage can, whereupon the officer observed that individual bleeding from cuts on his right cheek. That incarcerated individual then stated that he had been in the bathroom washing his face and hands when he observed petitioner enter the bathroom, and soon thereafter he felt something hit his face, and, as he turned, he observed petitioner running out of the bathroom and realized that he had been cut on his face. The incarcerated individual subsequently identified petitioner through a physical description and by selecting him from a photo array. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. That determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, hearing testimony and documentary evidence submitted for in camera review provide substantial evidence to support the determination of guilt (see Matter of Lundy v Annucci, 203 AD3d 1364, 1365 [3d Dept 2022]; Matter of Fernandez v Annucci, 161 AD3d 1431, 1432 [3d Dept 2018]). "Although the incident was not witnessed, the circumstantial evidence and the reasonable inferences drawn therefrom provide a sufficient basis for a finding of guilt" (Matter of Fernandez v Annucci, 161 AD3d at 1432 [internal quotation marks and citations omitted]; see Matter of Kelly v Mayes, 210 AD3d 1168, 1169 [3d Dept 2022]). The differing testimony of petitioner and his witnesses presented credibility issues for the Hearing Officer to resolve (see Matter of Kelly v Mayes, 210 AD3d at 1169; Matter of Barzee v Venettozzi, 173 AD3d 1580, 1581 [3d Dept 2019]). Petitioner's remaining arguments either have not been preserved or lack merit.
Garry, P.J., Egan Jr., Pritzker, Fisher and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.