Matter of Vallecillo v Annucci (2024 NY Slip Op 03220)

Matter of Vallecillo v Annucci

2024 NY Slip Op 03220

Decided on June 13, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 13, 2024

CV-23-1571
[*1]In the Matter of Pablo Vallecillo, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:May 24, 2024

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ.

Pablo Vallecillo, Wallkill, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
After observing what smelled like marihuana smoke coming from the cell of petitioner, an incarcerated individual, petitioner was pat-frisked and later searched, which led to the discovery of 9.2 grams of a green leafy substance, paper soaked in an unknown liquid and five blue pills with an M30 marking on them. An investigator identified the pills as those resembling Oxycodone, and, upon laboratory testing, it was determined that the pills contained fentanyl, an opiate. As a result, petitioner was charged in a misbehavior report with drug possession and smuggling. Following a tier III disciplinary hearing, petitioner was found guilty of the charges. Upon administrative review, the determination was affirmed, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and related documentation, including the positive test results, together with the hearing testimony, provide substantial evidence supporting the determination of guilt (see Matter of Robinson v Annucci, 197 AD3d 1453, 1454 [3d Dept 2021]; Matter of Horton v Annucci, 163 AD3d 1385, 1385 [3d Dept 2018]). Petitioner has also not demonstrated how the inclusion in the record of a May 2022 "evidence card," which was not relied upon by the Hearing Officer in rendering the determination of guilt, prejudiced him in any way or otherwise affected the determination. Petitioner's remaining contentions, including his claim that he did not have adequate written notice of the rule prohibiting drug possession, are either unpreserved for our review or have been considered and found to be without merit.
Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.